FREDERICK KRAMER *v.* THE SAN FRANCISCO MARKET STREET RAILROAD COMPANY.

ACTION FOR CAUSING DEATH.—A civil action for damages for the death of a person, *per se*, cannot be maintained by any one at common law.

WHO MAY MAINTAIN ACTION FOR DEATH OF PERSON.—In this State a civil action for damages for the death of a person can be maintained only by the administrator or executor of the deceased.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*W. P. C. Whiting*, for Appellant, cited *Green* v. *The Hudson River R. R. Co.*, 28 Barber, 9.

*Whitcomb, Pringle & Felton,* for Respondent.

By the Court, SANDERSON, C. J.

This action is brought to recover damages for the death of the plaintiff's son, a child of the age of five years and ten months, caused, as is alleged in the complaint, by the carelessness, negligence, and unskilful management of the defendant. The child, as appears from the complaint, was run over by a railroad car belonging to the defendant, and thereby instantly killed. The defendant demurred to the complaint. The demurrer was sustained by the Court below, and final judgment rendered thereon, from which the plaintiff appeals.

That a civil action for the death of a person, *per se*, cannot be maintained by any one at common law is too well settled to admit of discussion at the present time. This rule is so well and firmly established that an investigation of its reason and philosophy would be idle and useless. A citation of a few authorities is deemed sufficient. (*Higgins* v. *Butcher*, Yelverton, 89 ; *Baker* v. *Bolton*, 1 Camp. 493 ; *Carey* v. *Berkshire R. R. Co.*, 1 Cush. 475 ; *Hollenbeck* v. *Berkshire R. R. Co.*, 9 Cush. 480, 109 ; *Safford* v. *Drew*, 3 Duer, 637 ; *Quin* v. *Moore*, 15 N. Y. 436 ; *Green* v. *Hudson River R. R. Co.*, 28 Barb. 9.)

In *Baker* v. *Bolton*, cited above, Lord Ellenborough used these words : "In a civil Court the death of a human being cannot be complained of as an injury." These words are in harmony with the legal maxim which has obtained since the earliest days of the common law—*actio personalis moritur cum persona.*

An action for the death of a person can only be maintained in this State by virtue of the provisions of the Act entitled " an Act requiring compensation for causing death by wrongful act, neglect, or default," passed April 26, 1862. (Statutes of 1862, p. 447.)   The eleventh section of the Practice Act—

which provides that the father, or, in case of his death or desertion of his family, the mother, may maintain an action for the injury or death of a child, and a guardian for the injury or death of his ward—does not create a right of action where none existed before, but merely designates the persons by whom an action, for the causes therein mentioned, which then existed or might thereafter be created by statute, should be brought. At the time the Practice Act was passed the death of a person constituted no cause of action; and the eleventh section of that Act, so far·as it designates the parties by whom an action for the death of a person may be brought, is repealed by the Act of 1862, which provides that "every such action shall be brought by and in the names of the personal representatives of such deceased person." The words "personal representatives," as used in that Act, mean the administrator or executor of the deceased, and not the heir or next of kin, as claimed by counsel for appellant. If the words "personal representatives" leave it doubtful whether the administrator and executor or the heir and next of kin are intended, such doubt is removed by the provision immediately following, to the effect that "the amount recovered by such personal representatives shall be for the exclusive benefit of ·the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin, in the proportions provided by law in relation to the distribution of personal property left by persons dying intestate."

The Act of 1862 is in derogation of the common law, and must, therefore, be strictly construed. The cause of action thereby created can be prosecuted only by the persons therein designated. The plaintiff does not sue as the administrator or executor, but as the father and sole heir of the deceased person. That as "father and sole heir" he cannot maintain this action, we have no doubt.

Judgment affirmed.

Mr. Justice SHAFTER, having been of counsel in a similar case now pending, and in the result of which he is now interested, did not participate in the decision of this appeal.