[L. A. No. 652.   Department One.—September 8, 1899.]

## ISAAC and REBECCA THOMAS, Respondents, v. DAVID GATES, Appellant.

DAMAGES FOR PERSONAL INJURIES — SUPPORT OF VERDICT — CONFLICTING EVIDENCE—POWER OF TRIAL COURT.—The trial court has the power to interfere with the verdict of a jury in an action for damages for personal injuries, where the evidence is conflicting, and should exercise its discretion in reviewing the evidence on motion for a new trial, in the interests of justice, and may modify the verdict by a conditional order, requiring the plaintiff to remit a portion of the damages.

ID.—NEW TRIAL ORDER—REVIEW UPON APPEAL.—Where the trial court, in the exercise of its discretion, has modified the verdict for damages, and has denied a new trial after such modification, if there is evidence to support the verdict, the appellate court cannot interfere therewith upon the ground that it is not sustained by a preponderance of the evidence.

ID.—INSTRUCTIONS—DISTRUST OF FALSE WITNESS—SINGLING OUT WITNESSES.—An instruction to the effect that a witness willfully false in one part of his testimony is to be distrusted wholly, cannot properly be applied to any particular witness or witnesses for one party, singled out by the instruction, but should only be given in such general terms as to apply to all witnesses whether for the plaintiff or for the defendant. To specify any witness for either party tends to convey to the jury the impression that the particular witness is disbelieved by the judge.

ID.—INSTRUCTION AS TO SUPPRESSION OF EVIDENCE—IMPROPER BASIS.—EXCLUDED TESTIMONY OF PHYSICIAN.—Where the evidence of a physician was offered by the defendant, and excluded upon the objection of the plaintiff as being incompetent, under subdivision 4 of section 1881 of the Code of Civil Procedure, an instruction cannot be based upon such excluded evidence to the

effect that, if plaintiffs willfully suppressed any evidence, the jury should presume that it would be adverse if produced.

ID.—ABSTRACT INSTRUCTION AS TO INFERIOR EVIDENCE.—A requested instruction as to an adverse presumption from the use of inferior evidence, where it was within the power of the party to produce higher evidence, is properly refused, if there was no testimony in the case to which it could be applied.

ID.—INSTRUCTION SUBSTANTIALLY GIVEN — MORAL CERTAINTY OF WRONG OF DEFENDANT.—A requested instruction that "plaintiffs, in order to recover in this action, must convince the jury to a moral certainty that the defendant has been guilty of some unlawful act of negligence by which plaintiffs have been damaged," if correct, is sufficiently covered by an instruction given at defendant's request that "no verdict could be found against the defendant unless by wrongful act he injured the plaintiff," who was assaulted, "and that every fact or circumstance that the plaintiffs have failed to prove to the satisfaction of the jury by a preponderance of testimony must be resolved in favor of the defendant."

ID.—INSTRUCTION AS TO DAMAGES FOR PERSONAL INJURIES TO MARRIED WOMAN.—In an action to recover damages to a married woman for personal injuries resulting from an assault and battery committed upon her by the defendant, it is proper to instruct the jury that the damage proximately caused by the act of the defendant included compensation for any pain which may have resulted from the corporal hurt, for any mental suffering naturally resulting from the injury or wrong, for wounded sensibility or affection, and for any sense of wrong and insult by reason of any malice or oppression of the wrongdoer, if it existed.

ID.—LOSS OF OFFSPRING—"WOUNDED SENSIBILITY OR AFFECTION."— Where the court instructed the jury that no damage could be allowed for the loss of anticipated offspring as the result of the injury, the instruction that damage might be recovered for "wounded sensibility or affection," on the part of the married woman injured, is not misleading or erroneous.

ID.—INSTRUCTION AS TO WRONGFUL INFLICTION OF INJURIES.—An instruction which substantially charged the jury that it was only in the event that they should find that the injuries described in the instruction and proved by the evidence were wrongfully inflicted by the defendant upon the injured plaintiff, that it could make an estimate of damages, and which could not properly be construed as enumerating several things, either of which, if proved, under the instruction would entitle plaintiff to recover, and which taken in connection with other instructions given, could not mislead the jury, is not erroneous.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. M. T. Allen, Judge.

The facts are stated in the opinion.

Davis & Rush, for Appellant.

John D. Pope, and Charles H. Mattingly, for Respondents.

COOPER, C.—This action was brought by plaintiffs, who are husband and wife, to recover damages of defendant for personal injuries to plaintiff Rebecca Thomas, alleged to have been caused by the defendant violently assaulting, beating, and striking the said plaintiff, causing her to have a miscarriage, and to suffer great pain. A jury was impaneled and a verdict rendered in favor of plaintiffs for the sum of four thousand five hundred dollars. A motion for a new trial was made, and the court below granted the motion unless plaintiffs would remit and waive two thousand dollars of the amount of the verdict, which they accordingly did, and the motion was then denied. Judgment was thereupon entered in favor of plaintiffs. This appeal is from the judgment and order denying a new trial.

1. It is argued in appellant's brief that the verdict is not sustained by a preponderance of testimony, and in the brief it is said: "The record in this case discloses that the testimony is conflicting on every important issue of fact." It has been a rule of this court so long settled that it should now be regarded as elementary that it will not interfere with or set aside the verdict of a jury when there is a substantial conflict in the evidence. The trial court has the power to do so, and should in all proper cases exercise its discretion in reviewing the evidence, to the end that substantial justice may be done. In this case the court below, in the exercise of such discretion, modified the verdict, and, as it now stands supported by evidence on every important issue, we cannot, under the rule, disturb it.

2. Counsel for appellant contends that the court erred in refusing to give, at his request, two instructions, the first being to the effect that if the jury believed from the evidence that the plaintiff, in her deposition, willfully swore falsely in regard to any material fact, then the whole of her testimony should be distrusted, and the second, that if any witness for the plaintiff willfully swore falsely in regard to any material fact, the whole

of the testimony of such witness should be looked upon with distrust and suspicion. We think both the instructions were properly refused. Our code lays down a well-known rule of evidence (Code Civ. Proc., sec. 2061, subd. 3): "That a witness false in one part of his testimony is to be distrusted in others"; and this rule applies to all witnesses, whether for plaintiff or defendant. If the rule had been asked for as given in the code, and as applying to all witnesses, whether for plaintiff or defendant, no doubt it would have been given, and, if the court had refused the instruction when so requested, we would certainly hold such refusal to be error. But we do not think that the attention of the jury should be called to the rule as applying to one of the parties and not to the other, or as applying to the witnesses for the plaintiff and not to the witnesses for the defendant. If the instructions had been given, the jury might well infer that the rule applied only to the plaintiffs and their witnesses, and not to the defendant or to his witnesses. Counsel for defendant evidently desired to create this impression upon the jury, or else they would have asked for the general rule. If one of the parties to litigation, either plaintiff or defendant, can be singled out, and an abstract rule of evidence applied to him, or if the witnesses for plaintiff or defendant can be singled out as a class and the rule applied to them, it could, upon the same principle, be applied to any one witness to the exclusion of others. Suppose that in this case the defendant claimed and strongly urged to the jury that Mrs. Price, one of plaintiffs' witnesses, committed perjury and was unworthy of belief, can anyone doubt for a moment that an instruction to the effect that if the jury believed that Mrs. Price willfully swore falsely to any material fact, the whole of her testimony should be distrusted, would not tend to create a suspicion in the minds of the jury that the court believed Mrs. Price swore falsely? A proposition of law laying down a rule of evidence should be given in general terms, and not stated as being applicable to one certain witness, or one certain class of witnesses.

In Jones on Evidence, section 905, in speaking of the rule in question, it is said: "It is error for the judge, in his instruction to the jury, to single out a particular witness and to direct

such cautionary instructions against his testimony, as such a course would tend to convey to the jury the impression that the particular witness is disbelieved by the judge."

In *Waters v. People,* 172 Ill. 367, the court charged the jury as follows: "If you believe that any witness for the defense has willfully and knowingly sworn falsely as to any material fact in issue, then you have a right to disregard his entire testimony, except where it is corroborated by other credible evidence in the case." The instruction was held to be error, and the court said: "This instruction calls attention of the jury alone to the testimony of the witnesses for the defense. It is the duty of the jury to consider the testimony of all the witnesses, and if any witness has willfully and knowingly testified falsely, whether for the prosecution or for the defense, the jury had the right to reject the testimony of such witness unless sustained by other credible evidence."

In *Wastl v. Montana Union Ry. Co.,* 17 Mont. 213, the court below had designated three witnesses for plaintiff by name, and told the jury "that, if they believed these three witnesses had willfully sworn falsely to any material matter or thing, they were at liberty to disregard their entire testimony," et cetera.

The instruction was held to be error, and in the opinion it is said: "It is a rule applicable alike to civil and criminal cases that it is error for the judge directly or inferentially to express an opinion to the jury or in their hearing as to the credibility of a particular witness or as to the weight that should be attached to his testimony." To the same effect are 2 Thompson on Trials, sec. 2421; *Ott v. Oyer,* 106 Pa. St. 6; *State v. Stout,* 31 Mo. 406; *Davidson v. Wallingford,* 88 Tex. 619; *Pennsylvania Co. v. Versten,* 140 Ill. 637.

The case of *O'Rourke v. Vennekohl,* 104 Cal. 254, is not in conflict with what has been said. The apparent approval of the instruction offered in that case may be regarded as *obiter dictum.* The court held that the court below properly refused the instruction, because the court in refusing it charged the jury in the language of the statute.

3. The court refused to give an instruction requested by defendant, to the effect that if the jury should find that any evidence has been willfully suppressed by plaintiff they should

presume that such evidence would be adverse to them if produced, and another to the effect that if either party has produced inferior evidence where it is in the power of such party to produce higher evidence, then the jury must presume that such higher evidence, if produced, would be adverse to that party.    There is nothing in the record to show that plaintiffs produced inferior evidence when it was in their power to produce evidence of a higher degree, and hence the second part of the instruction was not applicable, as there was no testimony to which it might be applied, and there is no evidence in the record that the plaintiffs willfully suppressed any testimony, unless the objection to the evidence of Dr. Cates by plaintiffs was the suppression of testimony.    Dr. Cates had been called in professionally and made an examination of the plaintiff, Rebecca Thomas.    He was called by defendant as a witness and asked concerning matters that came to him professionally as a physician, and, upon plaintiff's objection, the evidence was excluded, under subdivision 4 of section 1881 of the Code of Civil Procedure, which reads as follows: "A licensed physician or surgeon cannot, without the consent of his patient, be examined in a civil action as to any information acquired in attending the patient which was necessary to enable him to prescribe or act for the patient."    It is conceded that the evidence was properly excluded under the above provision of our statute, but it is claimed that the instruction should have been given so that the jury might have applied it to the testimony so excluded.    To this doctrine we cannot accede.    It certainly is not the policy of the law to exclude certain testimony and at the same time to·raise a presumption prejudicial to the party at whose instance it was excluded.    A defendant in a criminal case cannot be called as a witness against his will, and, if he does not see fit to become a witness in his own behalf, the law does not allow this to create any presumption against him. In *Estate of Carpenter*, 94 Cal. 418, the court below instructed the jury "that it is a presumption of law that evidence willfully suppressed would be adverse if produced," and it was held error.    It was said the instruction from the record could have applied only to the testimony of one Dr. Stockton, to whose evidence proper objection was made, and the objection sus-

tained.   In discussing the matter this court said: "This was not
a suppression of evidence, and it would be strange that the
court, having  decided that the evidence was not admissible,
should nevertheless instruct the jury that the party offering it
should have the benefit of a presumption that it was favorable,
and that the other party, because he made a legal and proper
objection, should thereby lay his case under the suspicion that
he had been guilty of suppressing testimony.   The instruction
would naturally have an injurious effect."

4. It is said that it was error to refuse defendant's instruc-
tion: "Plaintiffs, in order to recover in this action, must con-
vince you to a moral certainty that the defendant has been
guilty of some unlawful act or negligence by which plaintiffs
have been damaged."   If we concede that the instruction is
correct, it is fully covered by other instructions.   The jury, at
the defendant's request, were told "that no verdict could be
found against the defendant unless by wrongful act he injured
the plaintiff, Rebecca Thomas, and that every fact or circum-
stance that the plaintiffs have failed to prove to the satisfaction
of the jury by a preponderance of testimony must be resolved
in favor of the defendant."

5. It is said the rule of damages is incorrectly stated in the
sixth instruction, given at plaintiff's request.   The court, after
giving the rule as to the detriment proximately caused by the
act of defendant, said: "This will include compensation for the
pain resulting from the corporal hurt, if it produced pain; for
mental suffering (if any) naturally resulting to plaintiff Rebecca
Thomas, from the injury or wrong, if any you find; for wounded
sensibility or affection, and for sense of wrong and insult, by
reason of the malice or oppression of the wrongdoer, if you
find he was guilty of malice or oppression."   We think the in-
struction did not mislead the jury, and that it substantially
stated the rule correctly.   (3 Sutherland on Damages, 711;
Civ. Code, sec. 3283; *Sloane v. Southern Cal. Ry. Co.*, 111 Cal.
678.)

It is argued by appellant that the words, "wounded sensibility
or affection," mean that plaintiffs should have redress for the
loss of their anticipated offspring.   We do not think the words,
when interpreted in connection with their context, have any
such meaning.   The jury were told in another part of the

charge and at defendant's request: "Even if you should find that the defendant caused a miscarriage of plaintiff Rebecca Thomas, the death of the *foetus*, or unborn child, cannot be included as an element of injury to the plaintiffs, for which they can recover any damages of defendant." The whole charge should be taken together as the law of the case, and if it fairly and clearly states the law it is not ground for reversal if there are verbal inaccuracies in the charge, or that isolated sentences and phrases are open to just criticism, but it is sufficient that the charge, regarded in its entirety, shows no substantial error. (*People v. Gibson*, 106 Cal. 458.)

6. It is finally claimed that it was error to give plaintiffs' eighth instruction, which reads as follows: "If, under the law, as given in charge of the court, and the facts as they appear in evidence, the jury shall find that defendant wrongfully inflicted injuries upon the person of plaintiff Rebecca Thomas, and that she suffered pain in consequence thereof, and that she was at the time pregnant with child, and the injury caused her to have a miscarriage, and that her health has been impaired by reason thereof, or if you find that any of said alleged facts have been proven, the amount of damages to which the plaintiffs are entitled is such sum as, in view of all the facts and circumstances of the case, shall appear to the jury reasonable and just. Provided, however, that the jury cannot find any greater amount of damages than is alleged in the complaint."

It is said that this instruction is vicious because it enumerates several things, either of which, if proven under the instruction, would entitle plaintiff to recover. We do not think the instruction complained of is susceptible of such interpretation. The jury are told that if they shall find that defendant wrongfully inflicted injuries, et cetera, and that she suffered pain in consequence thereof (of such injuries), and that she was at the time (of such injuries) pregnant with child, and the injury (wrongful) caused her to have a miscarriage, and that her health has been impaired by reason thereof (of such wrongful injuries), or if any of said alleged facts, et cetera, have been proven, then the amount of damages, et cetera.

It was only in the event the jury should find that the injuries were wrongfully inflicted that it could make any estimate

of damages whatever.  The instructions taken in connection with the other instructions could not have misled the jury.

We find no error in the record, and advise that the judgment and order be affirmed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.