[Civ. No. 2195.   Fourth Appellate District.—December 20, 1938.]

GEORGE E. DAVIS et al., Appellants, v. SOUTHERN ARIZONA FREIGHT LINES, LTD. (a Corporation), et al., Respondents.

Harry W. Horton for Appellants.

Robert R. Ashton for Respondents.

MARKS, J.—This is a motion to affirm the judgment or dismiss the appeal on the ground that the question presented for decision is too unsubstantial to need further argument.

A demurrer to plaintiff's amended complaint was sustained without leave to amend. This appeal is from the judgment which followed.

Plaintiffs were the father and mother of Edward S. Davis and had been supported by him. Edward S. Davis was killed on a public street by a truck belonging to the Southern Arizona Freight Lines, Ltd., which was being driven by Neil Day, its employee. The action is for damages resulting from his death.

Nowhere is it alleged in the amended complaint that plaintiffs are heirs at law of the deceased. The pleading fails to allege that any heirs at law survived him though it was stated during the argument that he left a widow and two minor children.

A complaint in an action for damages resulting from wrongful death which fails to allege that the deceased left heirs at law surviving him does not state a cause of action. (*Webster* v. *Norwegian Min. Co.*, 137 Cal. 399 [70 Pac. 276, 92 Am. St. Rep. 181]; *Slaughter* v. *Goldberg, Bowen & Co.*, 26 Cal. App. 318 [147 Pac. 90].)

An action for damages resulting from wrongful death was unknown at the common law and is a creature of statute. In California only the surviving heirs at law or the personal representative of the deceased can maintain such an action. (*Kramer* v. *San Francisco Market St. Ry. Co.*, 25 Cal. 434, 435; *Bond* v. *United Railroads*, 159 Cal. 270 [113 Pac. 366, Ann. Cas. 1912C, 50, 48 L. R. A. (N. S.) 687]; *McLaughlin* v. *United Railroads*, 169 Cal. 494 [147 Pac. 149, Ann. Cas. 1916D, 337, L. R. A. 1915E, 1205]; *Clark* v. *Goodwin*, 170 Cal. 527 [150 Pac. 357, L. R. A. 1916A, 1142]; *Evans* v. *Shanklin*, 16 Cal. App. (2d) 358 [60 Pac. (2d) 554]; *Treat*

v. *Los Angeles Gas etc. Corp.*, 82 Cal. App. 610 [256 Pac. 447].)

Plaintiffs base their argument on what is clearly *dicta* in *Martin* v. *Superior Court*, 176 Cal. 289 [168 Pac. 135, L. R. A. 1918B, 313]. They urge that as we adopted the English common law as a part of our jurisprudence in 1850, we adopted the common law as it then existed and as modified by statutes passed prior to that date. They further argue that as Lord Campbell's Act (Stats. 9 and 10, Vic. Ch. 93) was passed in England before 1850 and as that act created a right of action for damages for wrongful death, we, by adopting the common law in 1850, included among the various causes of action permitted in this state, the action for damages resulting from wrongful death.

The effect of Lord Campbell's act was considered in *McLaughlin* v. *United Railroads, supra,* where it was held that it was not a part of the common law and was not adopted as a part of our jurisprudence.

It has always been the rule in California that such an action cannot be maintained by persons not the heirs at law or the personal representative of a deceased. That being the only question presented on this appeal, it follows that no further argument is needed.

The motion to affirm is granted. The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 16, 1939.