[Civ. No. 8303. Third Dist. Mar. 23, 1954.]

IRA L. NORMAN et al., Appellants, v. WILLIAM R. MURPHY et al., Respondents.

96

Robert F. Appel for Appellants.

William W. Speer and Lloyd M. Creasey for Respondents.

PAULSEN, J. pro tem.*—Appellants, husband and wife, brought this action to recover damages for personal injuries received by them in an automobile accident and also, by their fourth cause of action, to recover damages for the death of an unborn child, resulting from the same accident. In said cause of action it was alleged that plaintiffs "were husband and wife, the natural parents and heirs of unnamed Baby Norman, deceased"; that at the time of the accident it was a "healthy, unborn baby, having been carried within its mother for a period of more than four and one-half (4½) months"; that in the accident the mother was so injured "as to cause her to have a miscarriage and" to cause "the death of said unborn, unnamed Baby Norman." Damages were claimed for burial expenses for the child and for deprivation of its anticipated services, assistance, companionship, love, affection and support.

*Assigned by Chairman of Judicial Council.

The court sustained a demurrer to said fourth cause of action without leave to amend and this appeal is from the judgment of dismissal that followed.

The questions presented here have never been directly decided by the courts of this state and appellants admit that the weight of authority supports the ruling of the trial court. They argue, however, that logic and the trend of modern decisions elsewhere demand an interpretation of California law that would permit such an action.

The pertinent parts of section 377 of the Code of Civil Procedure upon which the action is based read as follows:

"When the death of a person not being a minor, or when the death of a minor person who leaves surviving him either a husband or wife or child or children or father or mother, is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death, . . ."

An action for damages for wrongful death was unknown at common law, and being wholly statutory in origin the action must stand or fall by the terms of the statute under which recovery is sought. (*Fuentes* v. *Tucker*, 31 Cal.2d 1 [187 P.2d 752]; *Davis* v. *Southern Arizona Freight Lines, Ltd.*, 30 Cal.App.2d 48 [85 P.2d 897]; *Evans* v. *Shanklin*, 16 Cal.App. 2d 358 [60 P.2d 554]; 25 C.J.S., Death, §§ 13, 14.)

It is at once apparent from an examination of section 377 that no cause of action for the death of an unborn child was thereby created unless such child is deemed to be a "minor person," and there is nothing in our statutes that indicates an intention to make it such. Considered in its context, it is clear that the phrase "a person not being a minor" was intended to designate an adult.

Except for certain purposes with which we are not presently concerned, minors are persons under 21 years of age. (Civ. Code, § 25.) "The periods specified in the preceding section must be calculated from the first minute of the day on which persons are born to the same minute of the corresponding day completing the period of minority." (Civ. Code, § 26.) While this definition of minority does not preclude the idea that an unborn child may, for certain purposes, be considered "a person," it points most persuasively to the conclusion that it cannot be considered "a minor person." This conclusion is further fortified by the provision of section 29 of the Civil Code that "A child conceived, but not yet born, is to be

deemed an existing person, so far as may be necessary for *its* interests *in the event of its subsequent birth . . ."* (Italics supplied.) As pointed out by this court in *Scott* v. *McPheeters,* 33 Cal.App.2d 629 [92 P.2d 678, 93 P.2d 562], section 29 was adopted *to create* a cause of action for the benefit *of the child,* and to protect its interests in the event of its subsequent birth. Under the common law the child had no right to recover damages for prenatal injuries and its parents had no right to recover damages for its death either before or after birth.

While section 29 of the Civil Code created a new cause of action for the benefit of a child, section 377 of the Code of Civil Procedure created a new cause of action for the benefit of the heirs of "a person not being a minor," or of a "minor person." Speaking of section 377, it is said in *Secrest* v. *Pacific Elec. Ry. Co.,* 60 Cal.App.2d 746 [141 P.2d 747] : "It is a new action—that is, one that had not previously obtained under the common law—and not a continuation or revival of an old action or one that subsisted prior to the death. It is founded upon the injury causing death as it affects the heirs and personal representatives and not as it affects the decedent individually."

The Legislature again recognized the rules of the common law and made provision for the protection of the rights of unborn children by an amendment to section 270 of the Penal Code.

Considering the status of an unborn child in the field of criminal law, we find that prior to 1925 section 270 read in part as follows:

"A father of either a legitimate or illegitimate minor child who wilfully omits without lawful excuse to furnish necessary food, clothing, shelter or medical attendance for his child is guilty of a misdemeanor . . ."

In 1925 there was added to the section this sentence: "A child conceived but not yet born is to be deemed an existing person *in so far as this section is concerned."* (Italics supplied.) The reasons for such amendment are obvious, but the declaration that the unborn child was to be deemed to be an existing person was limited to that section only.

If, notwithstanding the provision of section 26 of the Civil Code that the period of minority is to be calculated from the first minute of the day on which persons are born, an unborn child is to be deemed a "minor person," it is difficult to understand why it was necessary to enact section 270 of the Penal Code or section 29 of the Civil Code for the protection of unborn children.

Prior to the adoption of the Practice Act and later of section 377 of the Code of Civil Procedure, a husband, father, or other support of a family might die in California as the result of the deliberate or negligent action of another who was permitted to escape the responsibility for his wrongful acts because of the defects of the common law. These statutes brought needed relief to dependent heirs by providing for damages for the loss of such things as financial support and the pecuniary value of loss of society, comfort and protection. The new right was extended also to the loss occasioned by the death of a child and included such items as loss of services to parents, but in such cases these were offset by the costs to the parents of education, support, etc. As the age of the decedent descended from majority to infancy the fixing of the pecuniary value of losses with any degree of accuracy became increasingly difficult.

■ The right of action for wrongful death is unqualifiedly a matter of statutory provision and is completely within the jurisdiction of the Legislature to grant, to withhold, or to restrict as it sees fit. (25 C.J.S., Death, § 18; *Treat* v. *Los Angeles Gas etc. Corp.*, 82 Cal.App. 610 [256 P. 447].) And it is evident from a consideration of the statutory provisions cited that the common law rule has been well understood and the modifications thereof well considered in view of the changes deemed necessary and desirable. The need for a right of action for the death of an unborn child is more apparent than real. The burial expenses asked for in the present action may be recovered by the parents as incidents of their own damages. Considering the highly speculative nature of the pecuniary value of an unborn child, even if viable, it is apparent that practically everything that could be recovered in an action for the death of an unborn child can now be recovered by the mother in connection with her own claim for general damages. The Legislature could easily have conferred such a right of action, but, in our opinion, it has not done so.

We are not unmindful of the fact that contrary to the great weight of authority some states have held that an unborn, viable child is a person in being for the purpose of an action of this nature. (See annotation in 10 A.L.R.2d 634.) Without pausing to analyze the decisions to this effect from other states, we may observe that in almost every case the legislature of the state where the question arose had

made no exceptions to the common law rule and had granted no additional rights as has been done in this state, and the court was motivated by a desire to accomplish the same results as have been accomplished here by statutory changes. But even if the courts of this state should now hold that an unborn, viable child is "a person" within the meaning of our law, it could not be held to be "a minor person" in view of the provisions of sections 25 and 26 of the Civil Code.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.