LURTON E. DURRETT, and wife, MARY T. DURRETT,
Plaintiffs in Error,

*v.*

WILLIE LEE OWENS, Defendant in Error.

371 S. W. 2d 433.

(*Nashville,* December Term, 1962.)

Opinion filed October 11, 1963.

WARD DEWITT, JR., Nashville, for plaintiffs in error.

W. OVID COLLINS, JR., Nashville, for defendant in error.

MR. JUSTICE WHITE delivered the opinion of the Court.

This is an appeal from the action of the trial judge in sustaining a demurrer to the declaration and dismissing the action. The declaration reads, in part, as follows:

"Plaintiffs bring this action for the wrongful death of their minor son who was killed in an automobile accident as hereinafter described on September 6, 1962. At the time of said accident said minor child was unborn, viable, developed during approximately seven and one-half months of pregnancy of the mother, Mary T. Durrett, and was riding en ventre sa mere in a 1953 DeSoto automobile being driven by said child's father, Lurton E. Durrett. The plaintiffs are husband and wife, and are the parents of said child, constituting his nearest of kin, and as such they bring this action for his wrongful death as provided by Tennessee Law."

The declaration further alleges, in substance, that the defendant negligently drove his automobile into the plaintiffs' automobile; that about two weeks following the accident, the plaintiffs' male child was delivered as a stillbirth; and that the child's death was the direct and proximate result of injuries received by the child as a consequence of the defendant's negligence in the operation of his automobile.

To this declaration the defendant filed a demurrer. The ground of the demurrer is that,

"* * * the declaration fails to state a cause of action under the law of Tennessee in that it shows on its face that the death of the unborn child for which this action is brought, occurred prior to birth and the child was delivered stillborn. TCA sec. 20-607 is therefore inapplicable."

The plaintiffs in error say that the determinative issue is whether a viable child is a ''person'' within the meaning of the Tennessee Wrongful Death Statute, and that this question has been answered affirmatively in the case of *Shousha v. Matthews Drivurself Service, Inc.,* 210 Tenn. 384, 358 S.W.2d 471 (1962).

The defendant in error contends that Shousha is authority only for the proposition that a viable child who sustains injuries has a cause of action upon being born alive, which in case of subsequent death is preserved by said statute to its parents or next of kin. The question then, according to the defendant in error, is whether this Court will modify its holding in Shousha and expressly overrule *Hogan v. McDaniel,* 204 Tenn. 235, 319 S.W.2d 221 (1958), by eliminating the condition that the child must be born alive in order to have a cause of action.

We said in *Shousha v. Matthews Drivurself Service, Inc.,* supra,

''* * * we expressly hold that a viable infant en ventre sa mere suffering injuries may, *upon being born alive,* prosecute an action against those negligently inflicting such injuries to recover compensation therefor.'' 210 Tenn. at 397, 358 S.W.2d at 471 (Emphasis supplied).

It is strongly contended the case of *Hogan v. McDaniel,* supra, has been overruled by Shousha. With this we do not agree.

In the latter case we said:

''We believe the rationale of the Hogan case is that the Statute did not entitle the next of kin or parents of an unborn child to sue for injuries sustained which

brought about its death before it was born.'' 210 Tenn. at 389, 358 S.W.2d at 473.

We also quoted with approval the case of *Keyes v. Construction Service, Inc.,* 340 Mass. 633, 165 N.E.2d 912, 914 (1960):

''* * * Natural justice demands recognition of a legal right of a child to begin life unimpaired by physical or mental defects resulting from the injury caused by the negligence of another. * * *'' 210 Tenn. at 391, 358 S.W.2d at 474.

That Court said that such a child if born alive would have a right of action for any injuries wantonly and negligently inflicted upon his or her person after reaching the age of viability. That Court also said in the same case that the administrator of the estate of a stillborn child would have no right of action for prenatal bodily injuries and resulting death which were inflicted on a child in an automobile collision when it was a viable child in the womb of its mother. Our case of *Hogan v. McDaniel,* is to the same effect and in Shousha we approved the holding announced in *Hogan v. McDaniel,* but stated that it was confined to the facts of that case.

We are thoroughly familiar with all of the cases relied upon by the plaintiffs in error and most, if not all, of them were considered in the Shousha case. We find it unnecessary to review them in this opinion.

We are satisfied with the correctness of the decisions in our two recent cases touching upon the general subject of prenatal injuries and we do not care to extend the permissive rule of recovery beyond that announced in

*Shousha v. Matthews Drivurself Service, Inc.*, supra. It is superfluous, of course, to say that the mother in this case has her remedy for injuries suffered by her.

The action of the trial court in sustaining the demurrer and dismissing this case is in all things affirmed at the cost of the plaintiffs in error.

BURNETT, CHIEF JUSTICE, DYER and HOLMES, JUSTICES, and CLEMENT, SPECIAL JUSTICE, concur.