202 So.2d 794 (1967)
Maerine STOKES, Individually, and Arthur Lee Stokes, Appellants,
v.
LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts Corporation Authorized to Do Business in the State of Florida As an Insuror, and the American Arbitration Association, a New York Corporation, Appellees.
No. 66-1015.
District Court of Appeal of Florida, Third District.
October 3, 1967.
*795 Fuller & Brumer, Bolles, Goodwin & Ryskamp, Miami, for appellants.
Blackwell, Walker & Gray and James E. Tribble, Miami, for Liberty Mutual, appellee.
Before PEARSON, BARKDULL and HENDRY, JJ.
HENDRY, Judge.
Appellee, Liberty Mutual Insurance Company, filed a complaint for declaratory decree alleging that the defendants, Maerine and Arthur Stokes, had sought arbitration before the American Arbitration Association, pursuant to the terms of an uninsured motorist clause in a Liberty Mutual Insurance Company policy. Defendants' claim was based upon § 768.03,[1] Fla. Stat., F.S.A., for the wrongful death of a stillborn child, which was the result of the negligence of an uninsured motorist. The circuit court took jurisdiction of the matter and rendered its decree, holding that § 768.03, supra, is limited by its terms to "minor child", and is therefore, not applicable to a stillborn fetus which never lives as a child, apart from its mother's body.
It was stipulated that Mrs. Stokes was about seven months pregnant and that the question of viability was immaterial to a determination by the chancellor. The parties further stipulated that the sole issue was a question of law.
Defendants' only point on appeal is whether there is a cause of action under the Wrongful Death of Minors Act, § 768.03, Fla. Stat., F.S.A., for the death of a stillborn child resulting from prenatal injuries. It is appellants' contention that the words "minor child" as used in the statute also meant fetus and that the chancellor erred in construing the statute otherwise.
This is a case of first impression in this state.[2] However, we feel that the answer is clearly discernable from the plain language of the statute, which uses the words "minor child". We are of the opinion that, had the Legislature intended to extend parental recovery to other than minor children, it would have undoubtedly used appropriate words to do so as it has in § 737.01, Fla. Stat., F.S.A.
*796 We are unable to accept the contention of appellants that this court should, by liberal construction of § 768.03, supra, conclude that a stillborn fetus is a "minor" within the meaning of the statute. This would require us to write into the act words and meanings which are not apparent.
We agree with the construction placed upon the statute and the conclusion reached by the chancellor. Therefore, the decree appealed is affirmed.
Affirmed.
NOTES
[1] "768.03 Parties in actions for death of minor child; damages 

"(1) Whenever the death of any minor child shall be caused by the wrongful act, negligence, carelessness or default of any individual, or by the wrongful act, negligence, carelessness or default of any private association or persons, or by the wrongful act, negligence, carelessness or default of any officer, agent or employee of any private association of persons, acting in his capacity as such officer, agent, or employee, or by the wrongful act, negligence, carelessness or default of any corporation, or by the wrongful act, negligence, carelessness or default of any officer or agent, or employee of any corporation acting in his capacity as such officer, agent or employee, the father of such minor child, or if the father be not living, the mother may maintain an action against such individual, private association of persons, or corporation, and may recover, not only for the loss of services of such minor child, but in addition thereto, such sum for the mental pain and suffering of the parent (or both parents) if they survive, as the jury may assess.
"(2) The right of action as set forth in subsection (1) shall extend to and include actions ex contractu and ex delicto."
[2] The question has been decided in numerous other jurisdictions, however. See: Verkennes v. Corniea, 229 Minn. 365, 38 N.W.2d 838, 10 A.L.R.2d 634, 639; Stewart, The Case of the Prenatal Injury, 15 U.Fla.L.Rev. 527, 535.