[Civ. No. 26890. First Dist., Div. Three. Feb. 7, 1972.]

DIETER BAYER et al., Plaintiffs and Appellants, v.
WALTER SUTTLE et al., Defendants and Respondents.

## Counsel

Hoberg, Finger, Brown & Abramson, Thomas L. Walsh, James D. Mart and Stephen T. Cox for Plaintiffs and Appellants.

Nagle, Vale, McDowall & Cotter, Vernon V. Vale and William D. McDowall for Defendants and Respondents.

## Opinion

**CALDECOTT, J.**—Plaintiffs appeal from the judgment of dismissal after an order sustaining a demurrer to plaintiffs' first amended complaint.

The complaint alleged in substance that on May 4, 1967, due to the negligence of the defendants, their car collided with a car driven by Regina Bayer who was in the eighth month of pregnancy. Regina Bayer was thrown violently in the car so as to injure the unborn child. At the time of the accident, the child was alive and viable. She died as the result of her injuries on May 8, 1967, and was delivered of her mother stillborn. The plaintiffs allege that they are the parents and the sole surviving heirs of the child and are seeking damages for the wrongful death of the child. The plaintiffs were compelled to incur obligations for medical services and hospitalization for which they ask special damages. They also ask general damages for deprivation of "the protection, comfort, society, support and maintenance of Michelle Regina Bayer."

The defendants' general demurrer to the complaint was sustained. The

defendants' motion to dismiss the action for failure to amend the complaint was granted.

 This case is before this court on the propriety of the sustaining of a demurrer. The allegations of plaintiffs' complaint therefore must be regarded as true and it must be assumed that the plaintiffs can prove all the facts as alleged. (*Speegle* v. *Board of Fire Underwriters,* 29 Cal.2d 34, 41 [172 P.2d 867]; *Custodio* v. *Bauer,* 251 Cal.App.2d 303, 310 [59 Cal.Rptr. 463, 27 A.L.R.3d 884]; *Mercer* v. *Elliott,* 208 Cal.App.2d 275, 277-278 [25 Cal.Rptr. 217].)

The question of whether an action can be maintained for the wrongful death of a child when the child is not born alive has been considered in a number of jurisdictions since the action was first allowed in Minnesota in 1949. (*Verkennes* v. *Corniea,* 229 Minn. 365 [38 N.W.2d 838, 10 A.L.R.2d 634].) California is one of a minority of states which have held that the action is not maintainable. (See 15 A.L.R.3d 992.)[1]

 In 1954, in a case of first impression, *Norman* v. *Murphy,* 124 Cal.App.2d 95 [268 P.2d 178], the court held that the parents of an unborn child carried within its mother for a period of four and one-half months could not bring an action for its death *en ventre sa mere.* Although the case involved a nonviable fetus rather than, as here, a viable fetus of

---

[1]Cases which have held that an action for the wrongful death of an unborn child is maintainable where the fetus was viable at the time of the injury: *Connecticut*: *Gorke* v. *LeClerc* (1962) 23 Conn.Supp. 256 [181 A.2d 448]; *Hatala* v. *Markiewicz* (1966) 26 Conn.Supp. 358 [224 A.2d 406]; *Delaware*: *Worgan* v. *Greggo & Ferrara, Inc.* (1956) 50 Del. (11 Terry) 258 [128 A.2d 557]; *Georgia*: *Porter* v. *Lassiter* (1955) 91 Ga.App. 712 [87 S.E.2d 100]; *Iowa*: *Wendt* v. *Lillo* (N.D. Iowa 1960) 182 F.Supp. 56; *Kansas*: *Hale* v. *Manion* (1962) 189 Kan. 143 [368 P.2d 1]; *Kentucky*: *Mitchell* v. *Couch* (Ky. 1955) 285 S.W.2d 901; *Maryland*: *State* v. *Sherman* (1964) 234 Md. 179 [198 A.2d 71]; *Minnesota*: *Verkennes* v. *Corniea, supra; Ohio*: *Stidam* v. *Ashmore* (1959) 109 Ohio App. 431 [167 N.E.2d 106]; *South Carolina*: *Fowler* v. *Woodward* (1964) 244 S.C. 608 [138 S.E.2d 42] and *Todd* v. *Sandidge Construction Company* (4th Cir. 1964) 341 F.2d 75; *West Virginia*: *Panagopoulous* v. *Martin* (S.D.W.Va 1969) 295 F.Supp. 220; *Wisconsin*: *Kwaterski* v. *State Farm Mut. Automobile Ins. Co.* (1967) 34 Wis.2d 14 [148 N.W.2d 107.]

It has been stated in the following cases that an action will not lie for the wrongful death of a stillborn child: *California*: *Norman* v. *Murphy* (1954) 124 Cal.App.2d 95 [268 P.2d 178]; *Florida*: *Stokes* v. *Liberty Mutual Insurance Company* (Fla. 1967) 202 So.2d 794; *Massachusetts*: *Keyes* v. *Construction Service Inc.* (1960) 340 Mass. 633 [165 N.E.2d 912]; *Nebraska*: *Drabbels* v. *Skelly Oil Co.* (1951) 155 Neb. 17 [50 N.W.2d 229]; *New Jersey*: *Graf* v. *Taggert* (1964) 43 N.J. 303 [204 A.2d 140]; *New York*: *Endresz* v. *Friedberg* (1966) 52 Misc.2d 693 [276 N.Y.S.2d 469]; *North Carolina*: *Gay* v. *Thompson* (1966) 266 N.C. 394 [146 S.E.2d 425, 15 A.L.R. 3d 983]; *Oklahoma*: *Howell* v. *Rushing* (Okla. 1953) 261 P.2d 217; *Padillow* v. *Elrod* (Okla. 1967) 424 P.2d 16; *Pennsylvania*: *Carroll* v. *Skloff* (1964) 415 Pa. 47 [202 A.2d 9]; *Marko* v. *Phila. Transp. Co.* (1966) 420 Pa. 124 [216 A.2d 502]; *Tennessee*: *Hogan* v. *McDaniel* (1958) 204 Tenn. 235 [319 S.W.2d 221] and *Durrett* v. *Owens* (1963) 212 Tenn. 614 [371 S.W.2d 433]; *Michigan*: *Estate of Powers* v. *City of Troy* (1968) 380 Mich. 160, [156 N.W.2d 530].

eight months, the rationale of the case applies with equal facility to the viable.[2] The court in *Norman* v. *Murphy* based its decision on an interpretation of Code of Civil Proceedure section 377, the wrongful death statute. Code of Civil Procedure section 377 reads in pertinent part as follows: "When the death of a person not being a minor, or when the death of a minor person who leaves surviving him either a husband or wife or child or children or father or mother, is caused by the wrongful act or neglect of another, his heirs . . . may maintain an action for damages against the person causing the death, . . ."

The court in *Norman* v. *Murphy* turned to Civil Code sections 25 and 26 for the definition of "a minor person." Section 25 provides in part that "[m]inors are all persons under 21 years of age. . . ." Section 26 calculates the period "from the first minute of the day on which persons are born to the same minute of the corresponding day completing the period of minority."

Since *Norman* was decided, Civil Code section 377 has been amended without specifying a cause of action for wrongful death of an unborn child. We recognize the significance of the legislative inaction in the light of pertinent judicial precedent.

Furthermore, Civil Code section 29 provides in part: "A child conceived, but not yet born, is to be deemed an existing person, so far as may be necessary for its interests in the event of its subsequent birth; . . ." As pointed out in *Norman* v. *Murphy, supra,* the right of action for wrongful death, not having existed in the common law, is "unqualifiedly statutory." In the interpretation of statutes, every word, phrase, or provision is presumed to be intended by the Legislature to have meaning and perform a useful function. (See 45 Cal.Jur.2d 613.) If an unborn child is legally a person there would be no useful function to be performed by the section in deeming the child a person for this one limited purpose.[3]

Thus we must conclude that the Legislature did not intend to include

---

[2]A viable fetus is one which has reached a stage of development sufficient to enable it to live outside the uterus, generally seven months. (Webster's Internat. Dict.)

[3]A few states have specifically held that an unborn child is not a person. (See *Dietrich* v. *Northampton* (1884) 138 Mass. 14; *State* v. *Dickinson* (1971) 28 Ohio St.2d 65 [57 Ohio Ops.2d 255, 275 N.E.2d 599].) See also *Keeler* v. *Superior Court*, 2 Cal.3d 619 [87 Cal.Rptr. 481, 470 P.2d 617, 40 A.L.R.3d 420], for an excellent discussion of the meaning of "human being" as that term is used in the California Penal Code.

an unborn child within the meaning of "person" in Code of Civil Procedure section 377.

The judgment is affirmed.

Draper, P. J., concurred.

**BROWN (H. C.), J.**—I dissent.

The majority opinion follows the reasoning of *Norman* v. *Murphy,* 124 Cal.App.2d 95 [268 P.2d 178], in construing Code of Civil Procedure section 377 so as to limit the cause of action in the wrongful death to a minor person who has survived birth. The court in *Norman* applied Civil Code sections 25 and 26 in determining who the Legislature meant to be minor persons under the provisions of Code of Civil Procedure section 377, i.e., minority is to be calculated "from the first minute of the day on which persons are born to the same minute of the corresponding day completing the period of minority." (Civ. Code, § 26.)

I do not agree with the reasoning of *Norman.* No hearing in that case was sought before our Supreme Court and, while it deserves respectful attention, we are not bound by it as precedent. (See *Richard* v. *Degen & Brody, Inc.,* 181 Cal.App.2d 289, 303 [5 Cal.Rptr. 263].)

It is recognized that an action for damages for wrongful death could not be maintained at common law and, being wholly statutory in origin, must stand or fall by the terms of the statute under which recovery is sought. (*Norman* v. *Murphy, supra,* 124 Cal.App.2d 95, 97.)

Code of Civil Procedure section 377 does not spell out in so many words that it includes unborn infants. I am convinced, however, that the only reasonable interpretation of that section includes all living persons, including a child *en ventre sa mere.* The language of the section *"death of a person not being a minor, or when the death of a minor person who leaves surviving him . . ."* is all inclusive. (Italics added.) The cause of action limits recovery for the wrongful death of minor persons only by restricting those who may sue, i.e., "husband or wife or child or children or father or mother . . . ."

Civil Code section 26 is to be invoked in computing minority in specific cases and to determine when minority ends. (See 28 So.Cal.L.Rev. 400, 404.) The computations of age become important in certain types of cases such as those involving a determination of eligibility for school, consent to medical treatment, consent to be a blood donor, eligibility for draft in the military service, etc. Under the facts before us, a computation is unnecessary. The question to be answered is: Was there a living person? Not the age of that person. The complaint here alleged the child was

alive and viable. In determining the propriety of the sustaining of the demurrer, we must regard the allegations of the complaint as true (*Speegle v. Board of Fire Underwriters,* 29 Cal.2d 34 [172 P.2d 867].)

The majority opinion states: "Since *Norman* was decided, Civil Code section 377 has been amended without specifying a cause of action for wrongful death of an unborn child. We recognize the significance of the legislative inaction in the light of pertinent judicial precedent."

In *Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand,* 6 Cal.3d 176, 191 [98 Cal.Rptr. 837, 491 P.2d 421], the court quotes from *People* v. *Daniels* and states: "In *People* v. *Daniels* (1969) 71 Cal.2d 1119 [80 Cal.Rptr. 897, 459 P.2d 225], which did involve the construction of a statute, we recognized the weakness of inference from legislative inaction. 'Legislative silence after a court has construed a statute gives rise at most to an arguable inference of acquiescence or passive approval . . . . But something more than mere silence should be required before that acquiescence is elevated into a species of implied legislation such as to bar the court from reexamining its own premises.' [Citations.] (Dissenting opinion of Traynor, J.)"

The case before us differs from *People* v. *Daniels, supra,* 71 Cal.2d 1119, in that the Legislature has amended Code of Civil Procedure section 377. In *Daniels,* the law makers had not spoken on the subject before it. But here, any inference of passive approval of the interpretation of Code of Civil Procedure section 377 by the court in *Norman* is likewise clearly objectionable. *Norman* is a decision by our Court of Appeal which was not taken to our Supreme Court. It is a solitary case in California. Its facts involve a nonviable fetus rather than a viable fetus.

It seems more reasonable to assume that our Legislature was unaware of the *Norman* decision and was satisfied that Code of Civil Procedure section 377 included all living persons and, therefore, that a cause of action existed for the wrongful death of any such living person without additional legislation. Its language embraced all living persons, "minor person" and "person not being a minor." The legislative history of section 377 indicates that the use of the term "minor person" was not to eliminate a cause of action for the death of a viable fetus or intentionally to omit to provide such cause of action, but to limit the right of action to the situation where the minor person was survivied by specific relatives. The section, as originally enacted in 1872, provided for the action upon the death of "a person." The amendment of 1873 restricted the application of the section to causes of death of a person "not being a minor." The 1935 amendment extended the section to cover the death

of a minor person who leaves surviving him either mother or father, husband or wife, child or children.

California recognizes a cause of action on behalf of a child from prenatal injuries should he subsequently be born alive. (See *Scott* v. *McPheeters,* 33 Cal.App.2d 629 [92 P.2d 678, 93 P.2d 562].) In *Todd* v. *Sandidge Construction Company,* 341 F.2d 75, 76-77, the court points to the irrationality and unfairness of permitting liability to depend on whether death from fetal injuries occurs just before or just after birth. The court in *Todd* said: " 'We have no difficulty in concluding that a foetus having reached that period of prenatal maturity *where it is capable of independent life apart from its mother is a person* [italics theirs] *and if such a child is injured, it may after birth maintain an action for such injuries. . . .'* [Italics ours.]

*"To balance the right of action upon whether the child, fatally injured by negligence of another, is born dead or alive seems not only an artificial demarcation but unjust as well.* To illustrate, if the trauma is severe enough to kill the child, then there could be no recovery; *but if less serious, allowing the child to survive, there might be recovery.* Again, if the fatality was immediate, the suit could not prevail, but if the death was protracted by a few hours, even minutes, beyond birth, the claim could succeed. Practically, it would mean that the graver the harm the better the chance of immunity. Moreover, it allows the act of the tortfeasor to foreclose his own liability—the life of the action whould be in his hands. These results have a sound cogency, quite aside from the general reasons justifying the death statutes, for the argument that those deprived of their own by death should not also be deprived of all recompense by the death." (Italics added.) The injustice of arbitrarily differentiating between a live birth and a stillbirth is further demonstrated by the fact that the line between death before and after birth is a medically indecisive line. (See *People* v. *Chavez,* 77 Cal.App.2d 621, 624-626 [176 P.2d 92].)

The court in *Norman* further reasoned: ". . . The need for a right of action for the death of an unborn child is more apparent than real. The burial expenses asked for in the present action may be recovered by the parents as incidents of their own damages. Considering the highly speculative nature of the pecuniary value of an unborn child, even if viable, it is apparent that practically everything that could be recovered in an action for the death of an unborn child can now be recovered by the mother in connection with her own claim for general damages. . . ." (P. 99.)

I also take issue with this reasoning. The damages and loss are real. The mother's claim for general damages for her injury does not embrace

the real loss—the deprivation of parenthood. (See *Thomas* v. *Gates*, 126 Cal. 1 [58 P. 315].) If *Norman* is followed, there would be no recovery for the loss of the comfort and society of the child, an element of damages recoverable under the wrongful death statute. (*Fuentes* v. *Tucker*, 31 Cal.2d 1, 5 [187 P.2d 752]; *Young* v. *Fresno etc. Irr. Co.*, 24 Cal.App. 286, 289 [141 P. 29].) *Also*, Norman *overlooks the loss to the other parent, the father.* The damages would be no more speculative or difficult to determine than if the child had been born alive and death had ensued a day or a month or longer after birth. Difficulty attendant with the solution of the problem of damages is no excuse for failure of its solution. (See *Hutcherson* v. *Alexander*, 264 Cal.App.2d 126, 135 [70 Cal.Rptr. 366, 38 A.L.R.3d 636].)

I have, therefore, concluded that an eight-month viable fetus is a living person within the meaning of Code of Civil Procedure section 377.

I would join with the majority of states which have been presented with the problem and would rule that the judgment following the sustaining of the demurrer should be reversed.*

A petition for a rehearing was denied March 8, 1972. Brown (H. C.), J., was of the opinion that the petition should be granted. Appellants' petition for a hearing by the Supreme Court was denied April 12, 1972.

---

*See page 363 of majority opinion which cites 15 A.L.R.3d 992 and states that California is one of a minority of states which have held that the action is not maintainable.