Carroll, Appellant, *v.* Skloff.

Argued April 23, 1964. Before Bell, C. J., Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*Allen T. Newman,* with him *Benjamin Kuby,* and *Klovsky and Kuby,* for appellant.

*Francis E. Shields,* with him *Richard J. Van Roden,* and *Pepper, Hamilton and Scheetz,* for appellee.

OPINION BY MR. JUSTICE EAGEN, July 1, 1964:

The interesting question posed by this appeal may be stated as follows: Is there a right of recovery under the Pennsylvania Wrongful Death Act[1] and Survival Statute[2] by the administrator of an estate on behalf of an infant aborted, while en ventre sa mere, as the result of a direct trauma?

---

[1] Act of April 26, 1855, P. L. 309, §1, as amended, 12 P.S. §1602.

[2] Act of April 18, 1949, P. L. 512, §601, 20 P.S. §320.601.

The issue came before the lower court on defendant's preliminary objections in the nature of a demurrer to plaintiff's complaint in trespass.

The pertinent allegations of the complaint may be summarized thusly:

The plaintiff, father of an unborn child, sued the defendant, a physician, claiming damages on behalf of the child's estate and as next of kin on the ground that the defendant had in the course of an operation on plaintiff's wife negligently destroyed the infant in utero, a "viable fetus" of ten weeks' gestation.

The lower court sustained the objections to the complaint and dismissed the action. The ruling was correct.

In *Sinkler v. Kneale,* 401 Pa. 267, 164 A. 2d 93 (1960), this Court upheld a cause of action on behalf of an infant *born alive,* for damages resulting from injury tortiously inflicted during the infant's fetal existence. However, the present case is patently and materially different. The statutes, upon which the present complaint is based, do not provide recovery for injuries to a stillborn fetus.

The cause of action created by the survival statute is strictly derivative. It is, as it is named, a surviving action. It is grounded upon an existing personal cause of action which the deceased could have but did not institute during his or her lifetime. It, therefore, necessarily follows that there must have been an independent life in being which could have instituted the action prior to death. Such, quite obviously, is not the case here.

The death action technically is a new cause of action, however, it too is basically derivative. Moreover, it is clear that in enacting the Wrongful Death Act, the legislature never intended to provide for recovery by the estate of an unborn fetus.

The act states that the sum recovered in such an action shall go to certain named heirs "in the propor-

tion they would take his or her personal estate in case of intestacy. . . ." Under established Pennsylvania law, a fetus en ventre sa mere may take property by descent or devise *only if it is subsequently born alive.* If the fetus is never born, it does not and cannot have an estate from which others may take: *Martin's Estate,* 3 Pa. C. C. 212 (1887); Smith and Aker Penna. Will Drafting, Birth or Adoption §5.5C. (1958). See also, the Intestate Act of April 24, 1947, P. L. 80, §4, 20 P.S. §1.4(3). When the legislature provided that the damages recovered under the act shall go according to the intestate laws, it manifestly intended to limit the created cause of action to those instances wherein the child's existence is recognized by the intestate laws. Otherwise, the above provision would be meaningless.

Further, there are sound and persuasive reasons for allowing recovery where the child is born alive suffering from injuries received during the gestation period, which do not exist under the present circumstances. If the infant is born deformed or handicapped as a result of such injuries, justice requires that compensation be given. The responsibility of the parents is immeasurably extended and broadened, or the child may necessarily become a charge upon the community. Also, the fact that he or she is born alive tends to effectively permit a just result, and reduces materially the inherent complex problems incident to causation and the pecuniary loss suffered. Many material facts, capable of proof, may be placed before the jury to aid them in fixing the cause and proper remuneration. On the other hand, if the fetus is stillborn, speculation as to causation and particularly loss suffered is unreasonably increased. Damages given under such circumstances would not be for compensation purposes, but rather to punish the wrongdoer. This is not the type of recovery either the Wrongful Death Act or the Survival Statute intended to provide. More-

50

over, the parents, who would be the real beneficiaries, are not without a remedy and may be fully compensated for their loss in their own independent actions.

The authorities in other jurisdictions overwhelmingly support our conclusion. They are discussed extensively in the scholarly opinion of the court below and require no further analysis here.

Judgment affirmed.