**Judy McKILLIP et al., Appellants,**

v.

**Ada ZIMMERMAN, a/k/a Ada Zimmerman Gaines, Appellee.**

**No. 54622.**

Supreme Court of Iowa.

Nov. 11, 1971.

Cahill, Lovelace, Poula & Wimpey, Iowa City, for appellants.

Clair E. Hamilton and William L. Meardon and Oehler, Radig & Hoy, Iowa City, for appellee.

MOORE, Chief Justice.

The question presented to this court for the first time is whether a personal representative may maintain a damage action for wrongful death of a nonviable unborn child caused by an automobile collision.

On September 12, 1968 automobiles driven by plaintiff, Judy McKillip, and defendant, Ada Zimmerman Gaines, collided at an Iowa City intersection. Mrs. McKillip was injured. She was then one month pregnant. On July 28, 1969 a three division petition was filed alleging defendant's negligence caused the accident.

In division I Judy McKillip in her own right claims $52,000 damages for personal injuries, medical bills, loss of wages and pain and anguish, including those resulting from a miscarriage.

In division II Mrs. McKillip, as administrator for the estate of her unborn child, alleges defendant's negligence was a proximate cause of the collision, her miscarriage and the death of her unborn baby. As administrator she asks $40,000 damages.

Division III alleges Mr. McKillip's $10,000 claim for loss of consortium.

Defendant filed denials to each division and thereafter obtained Mrs. McKillip's answers to several interrogatories and took the deposition of her doctor, Andrew C. Garvy, M.D. Defendant then filed a motion for summary judgment as to division II. It states, and the record later submitted to the trial court establishes, that Judy McKillip became pregnant approximately August 14, 1968, Baby McKillip, the fetus of that pregnancy, was not of more than one month gestation at the time of the accident and as a result of the collision on September 12 Mrs. McKillip aborted or had a miscarriage about November 14, 1968.

The transcript of Dr. Garvy's testimony was taken, without objection, in support of defendant's motion for summary judgment. Dr. Garvy testified a fetus does not become viable or able to live outside the mother's womb until 28 weeks or approximately seven months after the mother becomes pregnant and that the fetus carried by Judy McKillip, referred to in division II as Baby McKillip, was not viable, either on September 12 or November 14, 1968.

Defendant's motion asserts that under the Iowa law there is no right or cause of action for death damages for injury to a nonviable or viable fetus which is stillborn. Administrator's resistance alleges an unborn infant, whether a nonviable or viable fetus, is a person as referred to in the Iowa survival statute and became a person at conception.

The lower court found that under Code section 611.20 wherein a cause of action survives the injured party's death there must be a live birth before there could be a death. The lower court sustained defendant's motion for summary judgment as to division II of plaintiffs' petition.

Plaintiff administrator, with our permission, has appealed. Although mentioning some factual dispute exists plaintiff-appellant's brief states: "The argument herein is simple: Does an unborn infant or child or its estate have a cause of action under the Iowa law for its wrongful death?"

I. We are not here concerned with a claim for injuries to a fetus which is born alive with physical or mental deformity. The problems presented by such a claim have not been determined by us. Other jurisdictions are not in agreement as to whether they are allowable. All recent holdings favor the child's right to recover. Prosser, Law of Torts, 4th Ed. (1971), section 55; Anno. 27 A.L.R.2d 1256, entitled Prenatal injury as ground of action. The cited cases are important here only because the logic is considered by some courts in death damage cases such as now before us.

II. A sharp division exists among the several states as to recovery for wrongful death of a stillborn viable fetus. The courts holding such action maintainable as well as those to the contrary are listed by the editor in the annotation, Death Actions —Unborn Child, 15 A.L.R.3rd 992. Many law reviews written on the subject as well as prime authorities are cited in the footnotes on page 338 of Prosser, Law of Torts, 4th Ed. Included is 7 Houston L. Rev. 449 (1970) entitled Wrongful Death and the Stillborn Fetus—a Current Analysis, in which the editor cites 16 jurisdictions holding such actions maintainable and 13 to the contrary.

The first case to change the then existing rule and allow recovery for a prenatal injury to a stillborn was Verkennes v. Corniea, 229 Minn. 365, 38 N.W.2d 838 (1949). The most recent which has come to our attention is O'Neill v. Morse, 385 Mich. 130, 188 N.W.2d 785, filed July 7, 1971. The decisions permitting recovery for the wrongful death of an unborn child have all involved viable fetuses. The cases generally recognize "viable" as denoting a fetus sufficiently developed to live outside the womb. 44 Words and Phrases, Perm.Ed. p. 396.

Three jurisdictions have held an action for wrongful death of an unborn child will not lie where the fetus was not viable at the time of injury. Mace v. Jung (1962, Alaska, D.C.), 210 F.Supp. 706; West v. McCoy (1968), 233 S.C. 368, 105 S.E.2d 88; Poliquin v. Macdonald (1957), 101 N. H. 104, 135 A.2d 249.

We are not persuaded the case at bar should be decided on the viability theory. It has been severely criticized as unsound by legal commentators. Prosser, Law of Torts, 4th Ed., page 337; 110 U.Pa.L.Rev. 554; 18 Vand.L.Rev. 847.

III. We believe the problem here presented must be decided within the meaning of our survival statute, Code section 611.20, which provides: "Actions survive. All causes of action shall survive and may be brought notwithstanding the death of the person entitled or liable to the same."

Without this statute plaintiff-administrator has no right to maintain an action, Such an action is strictly derivative. Bailey v. Chicago, Burlington & Quincy Railroad Co., Iowa, 179 N.W.2d 560, 566, 567; Carroll v. Skloff, 415 Pa. 47, 202 A.2d 9, 10. Therefore administrator must come within the terms. The pointed question is —Was the fetus a "person", as that term was used by the legislature in enacting section 611.20, at the time of injury and miscarriage?

Several states in construing statutes the same or similar to section 611.20 have held a stillborn fetus is not a person. Mace v. Jung (1962, Alaska, D.C.), 210 F.Supp. 706; Torigian v. Watertown News Co., 352 Mass. 446, 225 N.E.2d 926 (1967); Drabbels v. Skelly Oil Co., 155 Neb. 17, 50 N.W.2d 229 (1951); Padillow v. Elrod, Okl., 424 P.2d 16 (1967); Carroll v. Skloff, 415 Pa. 47, 202 A.2d 9 (1964); Durrett v. Owens, 212 Tenn. 614, 371 S. W.2d 433 (1963). The cited Massachusetts, Oklahoma, Pennsylvania and Tennessee cases state the fetus must be born alive

to be classified as a person. Two jurisdictions have held a stillborn fetus is not "a minor child" as referred to in their respective statutes. Norman v. Murphy, 124 Cal.App.2d 95, 268 P.2d 178 (1954); Stokes v. Liberty Mut. Ins. Co., Fla., 213 So.2d 695 (1968).

IV. In construing statutes we search for the legislative intent as shown by what the legislature said, rather than what it should or might have said. Rule 344(f), par. 13, Rules of Civil Procedure. If the language of a statute when given its plain and rational meaning is precise and free from ambiguity, no more is necessary than to apply to the words used their ordinary sense in connection with the subject considered. Maguire v. Fulton, Iowa, 179 N.W.2d 508, 510. These rules are applicable here. We hold "person" as used in Code section 611.20 means only those born alive. How indeed could an unborn child be a person with a liability as referred to in the statute?

Although not directly in point our conclusion finds some support in the holding a murder charge under our statutes will not lie unless there is a live birth of the alleged victim. The State v. Winthrop, 43 Iowa 519. And Wehrman v. Farmers & Merch. Sav. Bank, 221 Iowa 249, 259 N.W. 564, a real estate partition action, where we held in order to inherit an interest in real estate the child must be born alive.

We express no opinion as to the existence of the fetus as a person in either the philosophical or actual sense. We hold only the legislature in enacting the statutes applicable to this case did not intend to include an unborn fetus when it adopted our survival statute, section 611.20.

Under section 611.20 there can be no recovery on behalf of or for a nonexistent person. Schmitt v. Jenkins Truck Lines, Inc., 260 Iowa 556, 564, 149 N.W.2d 789, 793.

We agree with the lower court's ruling.

V. In reaching this conclusion we are not unmindful of Judge Graven's opinion to the contrary in Wendt v. Lillo, 182 F. Supp. 56, N.D.Iowa 1960. The Wendt case is sharply criticized by Frank R. Miller, Decorah, Iowa, attorney, in his article entitled "No Recovery for Injury to a Viable Fetus which is Stillborn". Insurance Counsel Journal, January, 1969.

VI. Denial of administrator's claim asserted in division II of the petition does not affect Mrs. McKillip's claim asserted in division I including alleged pain and anguish resulting from the miscarriage. Neither does it affect the claim of Mr. McKillip asserted in division III. Those are remaining claims to be determined in the lower court.

Administrator's assigned error of violation of "a person's" federal and state constitutional rights involves an issue not raised in the lower court and therefore is not considered here for the first time.

The ruling of the lower court was correct.

Affirmed.

All Justices concur.