565 A.2d 498

**Christopher T. WALL, a Minor, by Rhonda L. LALLI, his Guardian and Rhonda L. Lalli**

**v.**

**William FISHER and Carolyn Fisher, his Wife, Appellees.**

**Appeal of Rhonda L. LALLI.**

Superior Court of Pennsylvania.

Argued June 6, 1989.

Filed Oct. 26, 1989.

Robert E. McBride, Jr., Erie, for appellants.

Karen S. Phelps, Erie, for appellees.

Before CAVANAUGH, DEL SOLE and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The Plaintiffs instituted this action as a result of an incident in which the minor Plaintiff was allegedly injured as a result of being attacked by a dog owned by the Defendants. The first two counts of the three count Complaint sought damages for the child. In the third count, Plaintiff Rhonda L. Lalli, the mother of the minor Plaintiff, sought a recovery on a claim of negligent infliction of emotional distress. After discovery, the Defendants filed a motion for partial summary judgment as to the claims asserted by Ms. Lalli in her own right. The trial court granted this motion and the instant appeal followed.[1]

1. Because the effect of the trial court's Order was to put Ms. Lalli's claim out of court and terminate her action against the Defendants, it is final and appealable at this stage of the proceedings. See *Lane v. Schacht,* 260 Pa.Super. 68, 393 A.2d 1015 (1978).

The record shows that in her Complaint, Ms. Lalli did not assert that she suffered any physical harm, but only that she experienced emotional distress as a result of the dog's purported attack on her son. In response to interrogatories, she declared that she was not claiming damages for physical injury to herself. She also asserted that she had received no treatment by a psychologist or a psychiatrist, and had no care in any hospital. Based upon the lack of any allegation of physical harm, the trial court granted summary judgment in favor of the Defendants, as to her claim. The Appellant contends that the trial court erred in this ruling. She argues that a plaintiff, in a case such as this, need not allege any physical manifestation of the claimed emotional distress, or that the emotional distress caused some physical harm.

When reviewing an order granting summary judgment, our function is to determine whether any genuine issues of triable fact exist. *Bowman v. Sears, Roebuck & Co.*, 245 Pa.Super. 530, 369 A.2d 754 (1976). Summary judgment is available, pursuant to Pa.R.C.P. 1035, when the pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits, considered together, reveal no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Bobb v. Kraybill*, 354 Pa.Super. 361, 511 A.2d 1379 (1986). We must view the evidence in the light most favorable to the non-moving party and resolve any doubts against the entry of judgment. *Husak v. Berkel, Inc.*, 234 Pa.Super. 452, 341 A.2d 174 (1975). Summary judgment is appropriate only in cases which are clear and free from doubt. *Spain v. Vicente*, 315 Pa.Super. 135, 461 A.2d 833 (1983). Mindful of those concepts, we find no basis for disturbing the ruling of the trial court.

In *Banyas v. Lower Bucks Hospital*, 293 Pa.Super. 122, 437 A.2d 1236 (1981), our Court adopted Section 436A of the Restatement (Second) of Torts, relating to the recovery of damages for negligent infliction of emotional distress in situations such as the one presented in the instant case. It

was held that the negligent actor is not liable when the conduct results in emotional disturbance alone, without bodily harm or other compensable damage to the plaintiff. Section 436A, entitled "Negligence Resulting in Emotional Disturbance Alone", states this rule clearly:

> If the actor's conduct is negligent as creating an unreasonable risk of causing either bodily harm or emotional disturbance to another, and it results in such emotional disturbance alone, without bodily harm or other compensable damage, the actor is not liable for such emotional disturbance.

A further explanation is set forth in Comment A to the Section: "Under the rule stated in this Section, the negligent actor is not liable when his conduct results in emotional disturbance alone, without the bodily harm or other compensable damage."

The Appellant maintains that a parent is entitled to recover for emotional disturbance, without harm, when the parent witnesses tortious conduct which causes harm to his or her child, under the ruling in *Sinn v. Burd*, 486 Pa. 146, 404 A.2d 672 (1979). The decision in that case is a most interesting one. It was argued before six Justices of our Supreme Court. Justice Nix authored the majority Opinion which was supported by Justice Manderino. Then Chief Justice Eagen filed a Concurring Opinion and Justice Larsen concurred in the result. Justice Roberts filed a Dissenting Opinion in which Justice O'Brien joined.

In the *Sinn* case, a parent sought to recover for emotional distress which arose when she witnessed her child being struck and killed by a motor vehicle operated by the defendant. In his lead Opinion, Justice Nix essentially ruled that in these compelling circumstances, the parent could recover damages for negligently caused mental trauma even though she was outside of the zone of danger of being struck by the negligent force.[2] Justice Nix ruled that liability in that

2. For many years, the courts in our Commonwealth adhered to a rule that one seeking a recovery for emotional distress could not recover unless that distress was accompanied by physical impact upon the

regard could be reasonably circumscribed by the application of the concept of foreseeability. While Justice Nix did not specifically rule that the holding applied only to suits wherein a parent sought a recovery for emotional distress caused by witnessing negligence causing harm or death to a child, much of his discussion pertained directly to that circumstance.

In his Concurring Opinion, then Chief Justice Eagen reached the conclusion that recovery should be permitted "... in cases of this nature" even where the plaintiff is beyond the scope of danger, if: (1) the plaintiff is closely related to the injured party, such as a mother, father, husband or wife; (2) the plaintiff is near the scene of and views the accident; and (3) the plaintiff suffers serious mental distress as a result of viewing the accident and physical injury, or suffers serious mental distress *and there is a severe physical manifestation* of this mental distress. *Sinn, supra,* 486 Pa. at 171, 404 A.2d at 687.

Chief Justice Eagen's explanation was an almost direct adoption of the rule enunciated by the California Supreme Court in *Dillon v. Legg,* 68 Cal.2d 728, 69 Cal.Rptr. 72, 80, 441 P.2d 912, 920 (1968), where that court set forth three factors determinative of whether the injury to the plaintiff was readily foreseeable: (1) whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it; (2) whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence; and (3) whether the plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant rela-

plaintiff. See, for example *Bosley v. Andrews,* 393 Pa. 161, 142 A.2d 263 (1958). In *Niederman v. Brodsky,* 436 Pa. 401, 261 A.2d 84 (1970), the impact rule was abandoned, and it was held that where a plaintiff was in danger of physical impact because of the direction of a negligent force against him, so that he feared physical impact, a recovery for negligent infliction of emotional distress could be maintained. This so-called "zone of danger" rule was changed by the ruling in *Sinn v. Burd,* supra, which is discussed above.

tionship. Justice Nix, while citing the *Dillon* holding with approval in his lead Opinion in *Sinn v. Burd*, did not specifically declare that this three prong test was the rule to be applied. However, subsequently, our Supreme Court held that the above-stated criteria became a part of the law of our Commonwealth as a result of the holding in *Sinn v. Burd*. See *Mazzagatti v. Everingham*, 512 Pa. 266, 516 A.2d 672 (1986).

In his Dissenting Opinion in *Sinn v. Burd*, Justice Roberts complained that the majority decision had unduly liberalized the right of recovery in cases such as this. He argued that the Opinion authored by Justice Nix would allow a recovery without the presence of any physical harm or injury to the plaintiff.

In the decision of our Court in *Banyas v. Lower Bucks Hospital, supra*, Judge Brosky noted that in *Sinn v. Burd*, damages were sought for *physical, as well as emotional* injuries. 293 Pa.Super. at 129, 437 A.2d at 1239. In footnote 1 of his Opinion, Judge Brosky stated:

> Although Mr. Justice Roberts states in his dissent in *Sinn v. Burd*, that the complaint alleged only emotional injuries, the majority opinion states that plaintiff sought recovery for physical and mental injuries. We must assume that the decision of the court was based on the belief that such injuries were alleged.

Thus, it is clear that the ruling in *Banyas* was made with full cognizance of the holding of the Supreme Court in *Sinn v. Burd*, and was not viewed as conflicting with that holding.

The Appellant in the instant case has directed our attention to the decision by a panel of our Court in *Houston v. Texaco, Inc.*, 371 Pa.Super. 399, 538 A.2d 502 (1988). In dictum in that case, it was pointed out that the general rule of law in Pennsylvania has been that a claimant may not recover damages for negligently inflicted emotional distress in the absence of a physical manifestation of the purported emotional distress. However, it was noted that the Supreme Court had in recent years created exceptions to the

rule under compelling circumstances. In footnote 2 of the Opinion, examples of such exceptions were cited. They included a reference to the ruling in *Sinn v. Burd, supra,* with a comment indicating that a recovery was permitted, without the presence of physical harm or injury, in instances where a parent witnesses negligently caused injuries to a minor child. This is the comment upon which the Appellant relies.

It appears that the comment on this point in the *Houston v. Texaco, Inc.* Opinion differs with the interpretation of the *Sinn v. Burd* holding which was set forth in the *Banyas v. Lower Bucks Hospital* Opinion. The discussion on this point in the *Houston* case was merely dictum, and not a holding which creates binding precedent for our decision in the instant case. Moreover, it appears that this comment was incorrect. It conflicts with express statements in *Sinn v. Burd,* as well as conclusions reached in several other cases, regarding whether or not the plaintiff in *Sinn v. Burd* suffered physical harm in addition to emotional disturbance, and whether physical injury or harm is a required element in these cases where a parent seeks to recover for emotional distress.

In footnote 3 of his Opinion in *Sinn v. Burd,* Justice Nix explained that the plaintiff was seeking more than solatium, which is recompense for anguish, bereavement or grief. While it may be contended that he did not clearly identify the particular harm suffered, this footnote indicates Justice Nix plainly concluded that the element of an independent injury to the plaintiff was present in the case. It is also evident that he viewed the presence of physical harm or injury as an element in the plaintiff's right of recovery in these cases.

In subsequent Supreme Court cases, Justice Nix joined Opinions of other Justices expressing that view. For instance, in *Scott v. Kopp,* 494 Pa. 487, 431 A.2d 959 (1981), Justice Flaherty authored the Majority Opinion. The case involved a claim for recovery of damages against a purportedly negligent driver on behalf of a stillborn child. Justice

Flaherty pointed out the view that the real objective in such a case was to compensate the parents for emotional distress. On this issue he cited then Chief Justice Bell's Concurring Opinion in *Marko v. Philadelphia Transportation Company*, 420 Pa. 124, 216 A.2d 502 (1966), which stated that a mother could recover for negligently inflicted mental anguish *only* if it was *accompanied by or resulted from physical injury*. In footnote 2 of his Opinion in *Scott v. Kopp*, Justice Flaherty discussed *Sinn v. Burd* and its place in the development of the law in this area. The same footnote indicated that the plaintiff mother in *Scott v. Kopp* had suffered *physical injuries* in the collision and *on that basis* could maintain an action for negligent infliction of emotional distress. Justice Nix made no comment in the case to indicate that *Sinn v. Burd* stood for the conclusion that such physical harm or injury was not required.

Subsequently, in *Amadio v. Levin*, 509 Pa. 199, 501 A.2d 1085 (1985), the Supreme Court reversed the rule enunciated in *Scott v. Kopp, supra,* and *Marko v. Philadelphia Transportation Company, supra,* regarding the right of parents to bring wrongful death and survival actions on behalf of a stillborn child. Justice Papadakos, in his lead Opinion in *Amadio,* noted that the parents' pain and suffering caused by their child's negligently caused death, would not sustain a right of recovery unless the pain and suffering was accompanied by or a result of a physical injury to the parent. 509 Pa. at 207, 501 A.2d at 1088. *Scott v. Kopp, supra,* was cited for authority on that point.

When the *Amadio v. Levin* decision was issued, Justice Nix had become the Chief Justice of the Court. He authored a Dissenting Opinion in the case. In footnote 2 of this Dissent, he discussed *Sinn v. Burd,* and again indicated his conclusion that the plaintiff mother in *Sinn* had suffered an assault. He also noted that there was no question of the right of the mother to recover in *Amadio,* because she had suffered impact in the negligent event.

All of these references from our Supreme Court indicate that the dictum in *Houston v. Texaco, Inc.,* was in error in

suggesting that *Sinn v. Burd* stood for the proposition that a parent could recover for negligent infliction of emotional distress, upon viewing negligently caused harm to a child, without some physical manifestation of harm or injury to the parent. In addition to those Supreme Court decisions which have discussed this point, our Court has also expressed a viewpoint contrary to the *Houston v. Texaco, Inc.* dictum. In fact, in *Houston v. Texaco, Inc.*, the panel cited the decision in *Reimer v. Tien*, 356 Pa.Super. 192, 514 A.2d 566 (1986), for the general proposition that a claimant may not recover damages for negligently inflicted emotional distress in the absence of a physical manifestation of the emotional distress. In *Reimer*, our Court cited Section 436A, the *Banyas* decision, and the *Sinn* decision as authorities for this rule. The *Reimer* panel specifically cited *Sinn* to support the holding that without proof of *bodily injury* as a result of the defendants' negligence, the plaintiff had no right to recover on a claim of negligent infliction of emotional distress. Clearly, the panel in *Reimer* concluded that the plaintiff in *Sinn* had a right to recover because of physical injury which had accompanied her claimed emotional distress. Accordingly it is evident that the panel in *Reimer* interpreted *Sinn* differently than did the panel in *Houston v. Texaco, Inc.* in its dictum.

Based upon all of the foregoing authority, we conclude that the element of physical harm or injury is a necessary element of the right of the Appellant mother to recover on her claim of negligent infliction of emotional distress in this case. The trial court did not err in granting summary judgment in favor of the Defendants on that claim as there was no suggestion that such harm or injury was experienced by the Appellant.

The Order of the trial court is affirmed and this case is remanded to the trial court for further proceedings on the remaining aspects of the litigation. Jurisdiction is relinquished.

DEL SOLE, J., concurs in the result.