DOWLING, J,

*162
The Troublesome Tort Twins: Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress

We have in the recent past had occasion to attempt to ascertain the status of Pennsylvania appellate law on these actions. In Ford v. Sparotin, 109 Dauphin Rep. 52 (1988) and just the other day in Dewalt v. Halter, 7 D.&C. 4th 645 (1990), we dealt with intentional infliction of emotional distress. Now we have the brother, negligent infliction of emotional distress, to evaluate, or rather, update, since in Shaeffer v. Polyclinic Medical Center, 101 Dauphin Rep. 305 (1988), we wrote at length on the subject.
In the case at bar the factual situation has a unique twist. The lawsuit involves a claim for medical malpractice in connection with defendants’ treatment of plaintiff Kelly L. Thomas, who came under their care for her pregnancy. She first consulted defendants on August 3, 1988 when she was some 15 weeks pregnant. In late September, Mrs. Thomas began to experience problems which culminated in her admission to the Harrisburg Hospital where within several hours she delivered a premature, but live, baby boy weighing only one pound, three ounces. Plaintiffs witnessed the birth of their son and were advised immediately that the child could not live. The baby, Jason Roger Thomas, expired several hours after birth.
In addition to wrongful death and survival actions, plaintiffs have made a claim in count III of their amended complaint for damages for severe emotional distress. It is this last count that is attacked by way of demurrer. In the general body of the complaint the counts of negligence include treating the plaintiff for a monilial infection when the symptoms indicated premature labor, and in ruptur *163 ing the amniotic membrane, thereby precluding the termination of premature labor. The basis for defendant’s demurrer to count III is twofold. First, there is no allegation that plaintiff suffered any objective physical manifestation of the alleged emotional distress; and, secondly, there is no averment that they observed a negligent act.
As the Superior Court frankly admitted in Holliday v. Beltz, 356 Pa. Super. 375, 514 A.2d 906 (1986): “We recognize that the requirements of averring bodily or physical harm, or a severe physical manifestation of mental distress in a complaint for negligent infliction of emotional distress is [sic] not totally clear in this Commonwealth.” Having read and reread a number of decisions dealing with the issue, we certainly concur in this observation.
In Shaeffer v. Polyclinic, supra, we attempted to update our earlier opinion* as to the parameters surrounding the negligent infliction of emotional distress. We held (and, we feel, illustrated convincingly) that in the pivotal case of Sinn v. Burd, 486 Pa. 146, 404 A.2d 672 (1979), Chief Justice Nix, writing the lead opinion for the court, did not require that physical harm be asserted. This view was supported in a concurring opinion of Justice Eagen, wherein he stated:
“Recovery should be permitted in cases of this nature where three requirements are met: (1) the plaintiff is closely related to the injured party; (2) the plaintiff is near the scene and views the accident; and (3) the plaintiff suffers serious mental distress as a result of viewing the accident and physical injury or suffers serious mental distress and there is a severe physical manifestation of his mental distress.” 486 Pa. at 174, 404 A.2d at 687.
*164 A close reading indicates that the justice is not requiring physical injury as a prerequisite to the tort. The first clause of the third requirement makes it clear that all the plaintiff must suffer is “serious mental distress” as the result of viewing the “accident and physical injury.” The physical injury referred to is not injury to plaintiff, but is the injury resulting from the accident viewed by the plaintiff. Any other construction of this sentence renders the use of the disjunctive “or” nonsensical. The structure of the sentence further makes it evident that a severe physical manifestation of mental distress is not a necessary element of the tort. Physical manifestation of mental distress is merely one option which plaintiff can pursue.
We also demonstrated that a number of Superior Court decisions, some of which are cited by defendants in this case, are based upon a misreading of Sinn, supra. (See Panyas v. Lower Bucks Hospital, 293 Pa. Super. 122, 437 A.2d 1236 (1981); Cathcart v. Keene Industries, 234 Pa. Super. 123, 471 A.2d 493 (1984); as well as Tackett v. Encke, 353 Pa. Super. 349, 509 A.2d 1310 (1986)).
Defendants’ position on this argument is that Sinn, supra, at least inferentially, does require physical manifestation, and that subsequent decisions have so interpreted it. They cite Mazzagatti v. Everingham, 512 Pa. 266, 516 A.2d 672 (1986). While in that decision Chief Justice Nix announced that he was revisiting Sinn v. Burd, supra, the case dealt only with the issue of whether the requirement of observation of the accident be extended to a situation where the plaintiff arrived at the scene and observed the victim a few minutes afterwards. The opinion expressed concern as to the dangers of unwarranted extension in the area of tort recovery and upheld the lower court’s grant of summary *165 motion. There is nothing in the decision which refers to the requirement of physical manifestation of emotional injury.
Amadio v. Levin, 509 Pa. 199, 501 A.2d 1085 (1985), also relied upon, held that the right of recovery for the death of a stillborn child existed under the wrongful death act and survival statute. It did not deal with the issue under consideration. There were, however, some interesting remarks pertinent to our case. Justice Papadakos, who wrote the majority opinion (a four-to-three decision), opined that, “Difficulty in obtaining proof of the wrong should never bar the right to bring an action, once it is determined that the cause of action does indeed exist.” 509 Pa. at 205, 501 A.2d at 1088. The case is also noteworthy for its references (with approval) to Scott v. Kopp, 494 Pa. 487, 431 A.2d 959 (1980), noting that damages for the parents’ pain and suffering have never been recoverable unless they are accompanied by or the result of physical injury to the parents. Wall v. Fisher, 388 Pa. Super. 305, 565 A.2d 498 (1989), concerned an incident in which the minor plaintiff was injured as a result of being attacked by a dog. While the court held that absent an allegation of physical harm resulting from the alleged emotional distress, there can be no recovery, they stressed the fact that the mother/ plaintiff was not claiming damages for physical injury to herself. The court did discuss Sinn v. Burd, supra, and came to the conclusion that they assumed that the finding of the court was based on the belief that physical injuries were alleged. We find it rather unusual that the decision would incorporate as a critical fact one based on a mere assumption. In any event, the court cited and discussed with approval Scott v. Kopp, supra.
*166 The second prong of the attack on the complaint, i.e., that a negligent act must be witnessed by the plaintiff, is authorized by defendants’ reliance on three Superior Court decisions. Tackett v. Encke, 353 Pa. Super. 359, 509 A.2d 1310 (1986); Holliday v. Beltz, 356 Pa. Super. 375, 514 A.2d 906 (1986); and Hackett v. United Airlines, 364 Pa. Super. 612, 528 A.2d 971 (1987). In Tackett, the mother brought an action for emotional distress as the result of observing over time her son’s reaction to a negligently undetected pulmonary fat embolism. The Supreme Court affirmed the trial court’s demurrer because the mother did not witness a “discrete and identifiable traumatic event.” Halliday arose from a medical malpractice case where plaintiff did not view the alleged negligent surgery, and the court found the complaint to be defective because it did not meet the present observation requirement. Hackett concerned a negligent mishandling of a casket containing the remains of plaintiff’s mother, which had arrived via the airlines in a damaged condition. The court held that since the plaintiff had not witnessed the doing of the damage, recovery for emotional distress could not be allowed.
The answer to this is that here Mrs. Thomas was herself the recipient of tortious conduct, as she was treated for the wrong condition, had her amniotic membrane ruptured, etc. Scott v. Kopp, supra, dealt with a somewhat similar situation. There the parents of a stillborn child who died as a result of injuries received, ventre sa mere, in an automobile accident sued the driver. Though no recovery was allowed for the wrongful death action, since at that time the law required an independent life in being, the court did indicate that recovery could be allowed for negligently inflicted mental anguish, since it was accompanied by physical injury to the mother.
*167 Amadio v. Levin, supra, while reversing Scott v. Kopp and permitting a wrongful death and survival action for the death of a stillborn child, nevertheless reaffirmed Scott v. Kopp on the point under consideration, stating:
“The parents’ pain and suffering caused by their child’s negligent death has never been recoverable unless the pain and suffering was accompanied by or a result of a physical injury to the parent. See Scott v. Kopp, 494 Pa. at 490, 431 A.2d at 960. Vincent v. Philadelphia, 348 Pa. 290, 35 A.2d 65 (1944); D’Jorko v. Berwind-White Coal Mining Co., 231 Pa. 164, 80 Atl. 77 (1911).”
And in Wall v. Fisher, supra, the court cited with approval Scott v. Kopp, noting that where the plaintiff/mother suffers physical injuries she can maintain an action for negligent infliction of emotional distress.
Perhaps this brief tour of appellate decisions has not completely clarified the situation; yet we have attempted to show that physical manifestations of emotional distress, whatever they may be, are not a prerequisite to recovery, and that the requirement that the claimant witness a negligent act is covered by the fact that here the mother herself suffered physical injuries as a result of the defendants’ negligence.
When one considers the broad aspects of this issue, it is apparent that the requirement of physical manifestation of physical injury is specious, artificial and unjust. Clearly, it is rather ridiculous to argue that when a near relative, frequently a parent, witnesses a serious injury or the death of a loved one, they do not suffer emotional distress. Why is it necessary that the person have a heart attack, scream, faint, or collapse? Isn’t crying, anguish, hysteria, shortness of breath sufficient? How could *168 anyone experience such a powerful and traumatic event and not have emotional distress? The old argument that it is difficult to prove such a claim has been laid to rest in a number of decisions. See Amadio, supra. Is it any more susceptible to feign - ing than many soft-tissue injuries, including the infamous “whiplash injuries”? There is also the argument made in Mazzagatti, supra, that no duty exists because there must be a limit to foreseeability seems equally fatuous. The parties’ reaction to a child’s injury is certainly as foreseeable as the injury to the child.
We must go back to the beginning and remember that this case is before us in the posture of a demurrer, and a demurrer is not justified unless it is absolutely clear that the plaintiff cannot recover as a matter of law. Clevenstein v. Rizzuto, 439 Pa. 397, 266 A.2d 623 (1970); Vitteck v. Washington Broadcasting Co., 256 Pa. Super. 427, 389 A.2d 1197 (1978).
In view of the somewhat unsettled law in this area, there is certainly, at this stage of the proceedings, considerable doubt. We would be reluctant to leave this concert after only listening to the overture. It should be played out and, possibly after dress rehearsal, reviewed again via a motion for summary judgment.
Accordingly, we enter the following
ORDER
And now, October 31, 1990, defendants’ preliminary objections are denied.

 The Estate of Yandrich v. Ridick, 101 Dauphin Rep. 72 (1979).