514 A.2d 906
Robert HALLIDAY, Executor of the Estate of Isabelle Halliday, Deceased; Robert Halliday, Ind.; and Deborah Halliday, Appellants,

v.

William R. BELTZ, M.D.; John M. Burks, M.D.; R. Hyman and R. Lukas, Ind. and as Employees of Schopfer and Ginter, Asc.; Schopfer and Ginter, Asc; and the Williamsport Hospital, Appellees.

Superior Court of Pennsylvania.

Argued Feb. 27, 1986.

Filed Sept. 2, 1986.

376

Robert Vesely, Williamsport, for appellants.

R. James Reynolds, Jr., Harrisburg, for Beltz, appellee.

Robert A. Eckenrode, Williamsport, for Burks, appellee.

Gary Weber, Williamsport, for Schopfer, appellees.

Before CAVANAUGH, TAMILIA and CERCONE, JJ.

CAVANAUGH, Judge:

The lower court dismissed appellants' cause of action for negligent infliction of emotional distress. The court stated in its opinion in support of its order that appellants failed to state a cause of action for negligent infliction of emotional distress in that they did not plead: (1) bodily harm and (2) that they observed the injury to the decedent. Appellant brings this appeal arguing: (1) that the lower court erred in dismissing their complaint and (2) that, in the alternative, the lower court should have allowed the appellants to amend their complaint. For the reasons set forth below, we affirm the lower court's order.

This appeal arises from a medical malpractice lawsuit. Isabelle Halliday, who was the wife of appellant, Robert Halliday, and the mother of appellant, Deborah Halliday, entered Williamsport Hospital for elective surgery in June of 1984. Complications arose following the surgery which eventually resulted in her death. Robert Halliday, as executor of the Estate of Isabelle Halliday, subsequently filed a lawsuit against several defendants alleging medical malpractice. Later, Robert Halliday, individually, and Deborah Halliday filed an amended complaint asserting claims in their own right for negligent infliction of emotional distress. Appellees filed preliminary objections to this action which

the lower court sustained. Appellants appealed from this order.[1]

■ In order to sustain Preliminary Objections in the nature of a demurrer, it must appear certain that upon the factual averments and all inferences fairly deducible therefrom, the law will not permit recovery by the plaintiff. *Sinn v. Burd*, 486 Pa. 146, 404 A.2d 672 (1979); *Schott v. Westinghouse Electric Corporation*, 436 Pa. 279, 259 A.2d 443 (1969). Because we believe that the law of Pennsylvania will not permit recovery by plaintiffs under their factual averments and the inferences deducible therefrom, we affirm the lower court's decision.

Appellants argue that the lower court erred when it ruled that they could not plead a claim for negligent infliction of emotional distress unless they could show that they had directly witnessed the negligent surgery performed by the appellees and had also suffered physical harm. They assert that a plaintiff need not allege that he viewed the specific negligent acts of a defendant in order to recover for negligent infliction of emotional distress. They further assert that under *Sinn v. Burd*, 486 Pa. 146, 404 A.2d 672 (1979), the plaintiff need not allege that he suffered bodily harm in order to plead a cause of action for negligent infliction of emotional distress.

■ We disagree with appellant because we believe that no Pennsylvania case, including *Sinn*, has stated that you need not witness the negligent action in order to recover under negligent infliction of emotional distress. While it is true that in *Sinn* the Pennsylvania Supreme Court modified the observance of the tort requirement, it is not true that it eliminated the requirement altogether. In *Sinn*, the court

1. We note that appellee, Beltz, filed a motion to quash this appeal arguing that the lower court's order was not a final order. Appellee argued that under *Praisner v. Stocker*, 313 Pa.Super. 332, 459 A.2d 1255 (1983), appellant could not appeal this order as his count was but an alternate theory of recovery. *Praisner* held that a party may appeal where some, but not all, of his counts, are dismissed provided those counts are a separate cause of recovery. The motion to dismiss this was denied by a vote of the full court which cited *Praisner, supra.*

merely replaced the requirement altogether. In *Sinn*, the court merely replaced the requirement of observation within the "zone of danger" with observation and a foreseeability analysis. That is, a plaintiff could bring a cause of action where he observed the act, and where his injuries " ... were of a nature reasonably foreseeable under the circumstances alleged." Id. 486 Pa. 146, 173, 404 A.2d 672, 686 (1979). Among the "foreseeability" elements as enunciated in Justice Nix's opinion is whether the emotional impact resulted from the "sensory and contemporaneous observance of the accident, as contrasted with hearing of the accident from another after its occurrence." 486 Pa. at 170, 404 A.2d at 685.

Also, in *Cathcart v. Keene Industrial Insulation*, 324 Super. 123, 471 A.2d 493 (1984), we stated that:

> The developing case law clearly indicates that a cause of action will not lie for emotional distress negligently caused by a bystander, unless the bystander personally observes an identifiable traumatic incident.

*Id.*, 324 Pa.Superior Ct. at 150, 471 A.2d at 507.

■ Appellants freely admit that they did not view the actual surgery in this case (Appellant's brief at 21). While appellants were in the hospital during the operation itself and the post-operative emergency remedial measures, they never viewed any of the actual surgery. We do not believe that appellant's complaint meets the "sensory and contemporaneous observance of the accident" or the personal observation requirements of Pennsylvania case law. *Sinn, supra; Cathcart, supra.* Accordingly, we believe appellant's complaint was deficient with respect to this element.

We recognize that the requirement of averring bodily or physical harm, or a severe physical manifestation of mental distress in a complaint for negligent infliction of emotion distress, is not totally clear in this Commonwealth. In *Sinn v. Burd,* 486 Pa. 146, 404 A.2d 672 (1979), Justice Nix, indicated that "psychic damage" would be sufficient "injury" in this type of cause of action. *Id.* 486 Pa. at 157, 404

A.2d at 678.[2]  In a later case, *Yandrick v. Radic*, 495 Pa. 243, 433 A.2d 459 (1981), Justice Nix characterized the *Sinn* holding as one involving a plaintiff who " ... sustained emotional shock resulting in *mental as well as physical injuries to the witnessing plaintiff.*"  *Id.* 495 Pa. at 249, 433 A.2d at 462 (emphasis added).  This would arguably limit his earlier holding to cases involving physical injuries. Later allied cases would require an averment of physical injury as still necessary.  In *Banyas v. Lower Bucks Hospital*, 293 Pa.Super. 122, 437 A.2d 1236 (1981), this court adopted § 436 of the Restatement (Second) Torts which states:

> If the actor's conduct is negligent as creating an unreasonable risk of causing either bodily harm or emotional disturbance alone, without bodily harm or other compensible damage, the actor is not liable for such emotional distress.

In *Banyas*, Judge Brosky, writing for the majority, stated: "Appellants' complaint avers no physical harm.  We find it does not state a cause of action for negligent infliction of emotional distress [citations omitted]." *Id.* 293 Pa.Super. at 129, 437 A.2d at 1239.  More recently in *Cathcart, supra,* this court, sitting *en banc,* held that "unless the plaintiff is able to allege some physical injury or some medically-identifiable effect linked to [the alleged tort], her claim for negligent infliction of emotional distress is not legally cognizable." 324 Pa.Super. at 152, 471 A.2d at 508.  In *Cathcart,* the plaintiff sought damages for emotional distress caused by her contact with her husband's clothing, which had been contaminated by asbestos.  There, this court again relying on § 436(A) of the Restatement, affirmed the decision of the lower court sustaining the demurrer because the plaintiff could not allege that she had suffered any physical

---

**2.** Justice Nix's Opinion was joined by Justice Manderino.  Then Chief Justice Eagen wrote a concurring opinion while Justice Larsen concurred in the result without writing a separate opinion.  Justice Roberts wrote a dissenting opinion which was joined by Justice O'Brien.  The plurality of opinions arising from this case may account for some of the uncertainty in this area of tort law.

injury. We conclude that the court was correct in dismissing the complaint since appellants did not observe the alleged tortious conduct. While the weight of authority would require an allegation of physical injury, we need not decide this issue in the context of this case.

Appellants also argue that the lower court should have allowed them to amend their complaint. The lower court stated that, under the facts as set forth in appellants' complaint and as supplemented during argument, appellants could not state a cause of action. Therefore, it would not allow appellants to amend their complaint.

■ We believe that it would be problematic to allow appellants to amend their complaint at this stage of the case. First, appellants have set forth facts in their briefs which are not part of the record. Appellants would have us allow an additional amendment to their complaint based on facts not part of the record whose accuracy is not verified. We do not believe this is permissible. *See, Auman v. Juchniewitz.* 312 Pa.Super. 98, 458 A.2d 254 (1983). *See also,* Pa.R.A.P. 1921.

Secondly, while the right to amend pleadings is to be construed liberally, it is not absolute. *Junk v. East End Fire Dept.,* 262 Pa.Super. 473, 396 A.2d 1269 (1978). We note that this would be appellants' third Amended Complaint. Seriatim amendments should not be allowed absent a showing of reasonable entitlement to repeated restatements of an alleged cause of action.

Finally, we do not believe, even accepting as true the additional facts appellants present in their briefs, that an amendment would serve a useful purpose. Appellants have admitted facts which make their cause of action defective on its face. Therefore, an amendment would serve no useful purpose even if granted. *Searfoss v. School District of White Haven,* 397 Pa. 604, 156 A.2d 841 (1959).

Order affirmed.