**Richardson v. Shoemaker**

C.P. of Wyoming County, nos. 94-777, 94-778 and 94-879.

*Thomas P. Comerford,* for plaintiffs.
*Philip D. Lauer,* for defendant.

VANSTON, *P.J.,* March 21, 1995—The defendant in the above three civil actions has filed preliminary objections to some of the causes of action averred in plaintiffs' complaints.

Each of the three plaintiffs asserts that she was sexually assaulted by the defendant at various times in the past, and during the plaintiffs' minority. They have filed separate actions seeking compensatory and punitive damages averring counts of "assault and battery," "intentional infliction of emotional distress," "negligent infliction of emotional distress," "false imprisonment," and "invasion of privacy." The defendant has preliminarily objected, in the nature of a demurrer, to all counts except that alleging assault and battery.

The defendant demurs to the count alleging intentional infliction of emotional distress, contending that the plaintiffs have not averred any physical injury resulting from such emotional distress. See *Kazatsky v. King David Memorial Park,* 515 Pa. 183, 527 A.2d 988 (1987). In this, the defendant is incorrect. Plaintiffs have set forth in their complaints a litany of the consequences of the sexual abuse: "academic and employment impairment; depression; low self-esteem and confidence; suicidal tendencies; physical and psychological trauma; pain and suffering; severe mental anguish; loss of capacity for enjoyment of life; loss of earnings and earning capacity; emotional distress; inability to function normally in social situations, especially relationships with men; fear of physical contact; inability to trust others; difficulty forming meaningful relationships; fears of intimacy and sexual contact; eating disorder; nightmares; debilitating terror; repression of emotions; post-traumatic stress disorder; humiliation; anxiety; embarrassment; and psychological denial, repression, accommodation, and disassociation. ..."

It is apparent that most of the complained of consequences are psychic, rather than physical, in nature. Injuries to the psyche may, however, manifest themselves in observable, physical symptoms. For example, is not an eating disorder, such as anorexia or bulimia, caused by psychic disorder, ultimately diagnosed by its physical symptomatology?

As noted in *Kazatsky,* an "injury" must be both alleged and proved. The defendant, however, misconstrues the meaning of the word "injury." As the *Kazatsky* court makes clear, injury means "some objective proof of severe emotional distress," which must be supported by "competent medical evidence." *Kazatsky v. King David Memorial Park, supra* at 197, 527 A.2d at 995.

The rationale for such an objective test is obvious: emotional distress is a most subjective form of injury. To require anything less than objective proof would open the floodgates of fraud upon the judicial system.

Perhaps the issue is dealt with better in the context of claims for negligent infliction of emotional distress. In *Cathcart v. Keene Industrial Insulation,* 324 Pa. Super. 123, 152, 471 A.2d 493, 508 (1984), the Superior Court required that there be proof of "some physical injury or some medically-identifiable effect" of the emotional distress. See also, *Halliday v. Beltz,* 356 Pa. Super. 375, 380, 514 A.2d 906, 909 (1986).

While many of the asserted effects of the sexual assault listed in the complaint may not be objectively observed, there are some among the litany which may be, through competent medical evidence, an identifiable effect of such abuse. Accordingly, defendant's demurrer to Count II must be overruled.

The defendant next demurs to Count III, alleging negligent infliction of emotional distress. While Pennsylvania appears to recognize such a cause of action, the reported cases all involve emotional distress to "secondary" victims. See inter alia, *Halliday v. Beltz, supra; Sinn v. Burd,* 486 Pa. 146, 404 A.2d 672 (1979); *Neff v. Lasso,* 382 Pa. Super. 487, 555 A.2d 1304 (1989). A secondary victim is one who observed some injury to another (the primary victim) or some other traumatic event. Physical harm was not directly inflicted upon the secondary victim by the negligent party.

In the instant matter, the three plaintiffs are clearly primary victims. Further, the gravamen of the complaint is that of a sexual battery, a touching, which is an intentional tort. This court is constrained to agree with the defendant that plaintiffs have not alleged facts sufficient to give rise to a cause of action for negligent

infliction of emotional distress. Nonetheless, emotional distress may be a compensable element of damage arising from an intentional tort. Accordingly, should plaintiffs prevail on Counts I or II of their complaints, they may be entitled to damages for those harms of which they complain in Count III.

The defendant next demurs to the count averring false imprisonment. The elements of such tort are set forth in Restatement (Second) of Torts, §35, and involve, in substance, an involuntary confinement of another. Each complaint, however, clearly alleges that, during incidents of sexual assault, the defendant "kept plaintiff against her will in his car or in certain bedrooms or areas of his house. ..." This sufficiently alleges the elements of the tort of false imprisonment.

The defendant lastly demurs to the counts asserting invasion of privacy, which is the name for four, separate tortious types of conduct. See Restatement (Second) of Torts, §625: (a) unreasonable intrusion upon the seclusion of another; (b) appropriation of another's name or likeness; (c) unreasonable publicity given to another's private life; (d) publicity placing one in a false, public light. Which of these theories plaintiffs may be pursuing is unclear to this writer. Accordingly, a more specific complaint is required as to Count V.

## ORDER

And now, March 21, 1995, for the reasons set forth in the opinion of the court of even date, it is ordered that—

(1) Defendant's preliminary objections in the nature of a demurrer to Count II of the complaint are overruled.

(2) Defendant's preliminary objections in the nature of a demurrer to Count III of the complaint are sustained, and the said count is dismissed.

(3) Defendant's preliminary objections in the nature of a demurrer to Count IV of the complaint are overruled.

(4) Defendant's preliminary objections in the nature of a demurrer to Count V of the complaint are overruled.

(5) Defendant's preliminary objections in the nature of a motion for more specific pleading as to Count V are sustained, and plaintiff is directed to file an amended complaint within 20 days of the date of this order, averring with specificity the facts giving rise to the asserted cause of action for invasion of privacy.

(6) Defendant's objections as to the status of June Loncosky are overruled as moot.