**Gorshin v. West**

C.P. of Allegheny County, no. GD 95-3694.

*Robert N. Peirce,* for plaintiff.
*Stephen J. Laidhold,* for defendant West.
*Nancy L. Heilman,* for defendant John Hancock Insurance.

FRIEDMAN, *J.,* March 12, 1996—The plaintiff has appealed from this court's order dated January 24, 1996, in which we dismissed his second amended complaint with prejudice and without leave to file a third amended complaint, based on his failure to comply with an earlier order of this court. The order appealed from also struck plaintiff's third amended complaint which had been prematurely and inappropriately filed.

## FACTUAL AND PROCEDURAL HISTORY

This case stems from an alleged breach of a contract between plaintiff and one or more of the defendants, under which plaintiff, an insurance agent, would become a sales manager and would open an office for the sale of insurance in western Pennsylvania.

Plaintiff filed his original complaint on March 3, 1995. The original complaint also included another plaintiff, one Chester Grabowski. All of the defendants filed preliminary objections, which were *not* ruled upon on the merits. Instead, the Honorable James H. McLean of this court entered an order deferring consideration of the preliminary objections pending the filing of an amended complaint. Judge McLean's order, dated June 28, 1995, was as follows:

"And now, to-wit, June 28, 1995, upon the basis that the plaintiffs have agreed to file an amended com-

plaint on or before July 15, 1995, it is hereby: ordered, adjudged and decreed that the court's consideration of the preliminary objections filed by the defendants to the original complaint is deferred pending the plaintiffs' filing of the amended complaint without prejudice to the plaintiffs' rights to reschedule for argument the preliminary objections as filed or such additional preliminary objections as may be applicable to the amended complaint."

Plaintiffs' amended complaint was filed on July 7, 1995, and all defendants again filed preliminary objections, which were argued before the undersigned, after which the following order was entered:

"And now, September 14, 1995, upon consideration of the defendants' preliminary objections to amended complaint, it is hereby ordered, adjudged and decreed that the amended complaint be stricken. It is further ordered that plaintiffs are given 45 days from the date of this court's order within which to file a second amended complaint that complies in all respects with the Pennsylvania Rules of Civil Procedure, upon the failure of which the second amended complaint will be dismissed with prejudice. The undersigned retains jurisdiction for preliminary objections to second amended complaint only."

The record of the argument on September 14, 1995 should reflect that oral direction was also given to plaintiffs.

On October 23, 1995 a second amended complaint was filed. In the second amended complaint, another defendant, "The West Corporation," was named. The only plaintiff in the second amended complaint was Frank Gorshin. All defendants once again filed preliminary objections. After those preliminary objections were scheduled for argument before the undersigned,

but before the argument took place, plaintiff Gorshin, without leave of court, filed a third amended complaint. Following oral argument on January 19, 1996, we entered the order appealed from, which is as follows:

"And now, to-wit, January 24, 1996, it is hereby ordered as follows:

"(1) The third amended complaint filed on January 9, 1996, is stricken, based on the prior order of the undersigned in this matter dated September 14, 1995.

"(2) The preliminary objections of all defendants are sustained, and the second amended complaint is dismissed with prejudice for failure to comply with the aforesaid order of September 14, 1995.

"(3) Leave to file a new third amended complaint in form different from that stricken above is DENIED based on the aforesaid order of September 14, 1995.

"(4) Leave to add West Corporation as a defendant is denied because untimely made under the aforesaid order of September 14, 1995."

## DISCUSSION

In his statement of matters complained of on appeal, plaintiff first complains that we erred in striking the third amended complaint. However, the order of September 14, in which we struck the first amended complaint, specifically directed that plaintiff should "file a second amended complaint that complies in all respects with the Pennsylvania Rules of Civil Procedure, upon the failure of which the second amended complaint will be dismissed with prejudice." There was no provision in that order for the filing of a third amended complaint and plaintiff should not have taken it upon himself to file it. It was properly stricken.

Plaintiff next maintains that we erred in sustaining the preliminary objections, in dismissing the second amended complaint with prejudice, and in denying him leave to file a *new* third amended complaint, different from that which was stricken. However, we cannot in fairness give plaintiff an unlimited number of tries at properly pleading his case. It is worthy of note that the original complaint contained the same defects as the subsequent amended complaints. Defendants' preliminary objections to the original complaint, although never disposed of upon the merits, raised that defect as one of their objections. Plaintiff therefore has now made three attempts to properly plead his case, and, having failed, wants a fourth try at correcting the same defect: the lumping together of all of the "West defendants," making all allegations against *all* of those defendants when some appear to apply to *separate* defendants, making an answer impossible. Plaintiff does this in his original complaint in paragraph 4, repeats the defect in paragraph 5 of the first amended complaint, and does it again in paragraph 4 of the second amended complaint. Plaintiff has failed to plead separate counts against each of the defendants, in spite of the fact that this was a critical defect in his first amended complaint.

Although "the right to amend pleadings is to be construed liberally, it is not absolute." *Halliday v. Beltz,* 356 Pa. Super. 375, 381, 514 A.2d 906, 909 (1986). "Seriatim amendments should not be allowed absent a showing of reasonable entitlement to repeated restatements of an alleged cause of action." *Id.* at 381, 514 A.2d at 909. Plaintiff has made no such showing. Because plaintiff has been unable after repeated attempts to properly state his complaint, and because he was already on notice via the September 14, 1995 order that we would dismiss his second amended complaint

if it did not comply with the rules of court, we properly exercised our discretion to dismiss the second amended complaint, with prejudice.

Plaintiff also argues that we erred in denying him leave to add "the West Corporation" as a defendant. Although it is conceded by all parties that the statute of limitations has not yet expired, we nonetheless properly denied plaintiff leave to add "the West Corporation," for the reasons already outlined above. In general, it can be grossly unfair and an imposition on the court to allow parties repeated attempts to accomplish elementary pleading goals. In this case, it would be a clear abuse of this court's discretion to subject defendants to any more drafting attempts by plaintiff. The abuse would not be lessened by adding yet another defendant and allowing a repeatedly defective complaint to be submitted in a fourth version.

We note that a videotape record was made of both the September 14, 1995 and January 19, 1996 proceedings. However, plaintiff's counsel has not ordered written transcriptions of either argument, despite having been reminded to do so by the court during the January 19, 1996 argument. An unofficial transcription of the pertinent part of the January 19, 1996 proceedings reads as follows:

"Mr. Peirce: I'm trying to figure out how to make a record of the case.

"The Court: You've got it. You've got it right here. And you've got a record of everything that went on in September. This is a video record. That's the joy of this courtroom, OK, and everything is a matter of record, and you can get a copy . . . you get a transcript, which is what you have to send up on appeal, from the Administrative Office, and Carl, my tipstaff, can tell you how to get that. . . . So, but you can get

the video of the September 14 argument and today's argument as well as the transcript, but for appeal you need the transcript. It comes pretty quickly." (Videotape record of proceedings of January 19, 1996, tape time 12:34-12:36.)

In the event a transcript of those arguments has not been timely filed as required by Pa.R.A.P. 1911, this appeal should be quashed if plaintiff has any argument on appeal which could be better understood by reading either transcript.

In conclusion, we properly struck plaintiff's third amended complaint which was filed in violation of an order of court, and properly dismissed his second amended complaint with prejudice and without leave to file a different version of a third amended complaint.